## S10A1073. SCROGGINS v. THE STATE.

(703 SE2d 621)

HINES, Justice.

This Court granted a writ of certiorari to the Court of Appeals to review that Court's dismissal of Samuel Scroggins's application for discretionary appeal. For the reasons that follow, we reverse, and remand.

In 2001, Scroggins was convicted of theft by receiving, forgery, and financial transaction card fraud, and sentenced to probation. On August 5, 2008, his probation was revoked. On July 20, 2009, he moved in the trial court for an out-of-time discretionary appeal, and the trial court granted that motion on August 13, 2009. Scroggins's subsequent application for discretionary appeal was dismissed by the Court of Appeals as untimely from the probation revocation; that Court stated in its order that the trial court did not have the authority to grant an out-of-time discretionary appeal. Upon application to this Court for a writ of certiorari, we granted the writ, thus granting Scroggins's application for discretionary appeal; in our order instructing him to file a notice of appeal, we directed the parties to address whether a trial court has the authority to grant an out-of-time discretionary appeal.

After the appeal was docketed in this Court, the State moved for this Court to dismiss it as improvidently granted, noting that on September 2, 2008, Scroggins had filed a notice of appeal, stating that appeal was taken from the August 5, 2008 order revoking his probation. No action was taken on this notice of appeal by the trial court clerk, and no direct appeal was ever docketed in the Court of Appeals based upon the September 2, 2008 notice of appeal. The notice of appeal was never addressed by either the Court of Appeals

or the trial court.[1]

An order revoking probation may only be appealed by the discretionary procedures set forth in OCGA § 5-6-35. See OCGA § 5-6-35 (a) (5); *State v. Wilbanks*, 215 Ga. App. 223 (450 SE2d 293) (1994). Nonetheless, on September 2, 2008, Scroggins chose to pursue an appellate avenue that was closed to him, and filed the notice of appeal. Even though this course was ill-chosen, the notice of appeal acted as supersedeas and deprived the trial court "of the power to affect the judgment appealed, so that subsequent proceedings purporting to supplement, amend, alter or modify the judgment, whether pursuant to statutory or inherent power, are without effect." *Upton v. Jones*, 280 Ga. 895, 896 (1) (635 SE2d 112) (2006) (citations and punctuation omitted). See also *Chambers v. State*, 262 Ga. 200, 201 (1) (415 SE2d 643) (1992). Although the September 2, 2008 notice of appeal did not result in a transcript and record being transmitted to the Court of Appeals, and no appeal was ever docketed in that Court, for the purposes of the trial court's jurisdiction, the direct appeal initiated on September 2, 2008, remained pending.[2] Thus, the trial court did not have the authority to supplement its order revoking probation with the order purporting to grant an out-of-time discretionary appeal, which would essentially establish a second appellate avenue to review the probation revocation before the first appeal of that ruling was resolved. *Upton*, supra. Because of the pending first appeal, the application for discretionary appeal, and the order authorizing it, were nullities. *Elrod v. State*, 222 Ga. App. 704 (1) (475 SE2d 710) (1996).

However, the State's motion to dismiss cannot be granted. "[W]hen a trial court enters a judgment where it does not have jurisdiction, such judgment is a mere nullity; but an appeal from such an illegal judgment will not be dismissed but instead, the void judgment will be reversed. [Cits.]" *Darden v. Ravan*, 232 Ga. 756, 758 (1) (208 SE2d 846) (1974). See also *Weatherbed v. State*, 271 Ga. 736, 738 (524 SE2d 452) (1999). Accordingly, the judgment of the Court of Appeals dismissing the discretionary application to appeal

---

[1] In his "Motion for Out of Time Discretionary Appeal," Scroggins referred to the September 2, 2008 notice of appeal as "a nullity." The trial court's order granting an out-of-time discretionary appeal makes no mention of the September 2, 2008 notice of appeal.

[2] Scroggins asserts that the notice of appeal became a nullity on September 5, 2008, because when thirty days passed after the probation revocation order without an application for discretionary appeal being filed under OCGA § 5-6-35, the proper avenue of appeal was foreclosed and the Court of Appeals lost any jurisdiction to review the probation revocation. But, such passage of time does not result in the nullification of the notice of appeal. The notice of appeal was never withdrawn or dismissed, see OCGA § 5-6-48, and the Court of Appeals retained the power to determine its jurisdiction under the notice of appeal. See *Hughes v. State*, 273 Ga. 804, 805 (546 SE2d 518) (2001); *Styles v. State*, 245 Ga. App. 90, 91 (537 SE2d 377) (2000).

was in error. The trial court's order granting an out-of-time discretionary appeal must be reversed and the case is remanded to that court for proceedings consistent with this opinion.

*Judgment reversed and case remanded with direction. All the Justices concur.*

DECIDED NOVEMBER 8, 2010 —
RECONSIDERATION DENIED DECEMBER 14, 2010.

*H. Maddox Kilgore*, for appellant.
*Garry T. Moss, District Attorney, Lawton W. Scott, Cliff Head, Assistant District Attorneys*, for appellee.