295 Ga. 172
FINAL COPY

S14A0527. WETHERINGTON v. THE STATE.

NAHMIAS, Justice.

Michael Wetherington appeals the trial court's denial of his motion for an out-of-time appeal from his convictions based on a guilty plea in Lowndes County. On July 27, 1986, Wetherington pled guilty to malice murder, attempted armed robbery, and attempted kidnapping; he was sentenced to serve life in prison for the murder and consecutive ten-year sentences for the two other convictions.

Wetherington did not file a timely direct appeal. However, over the ensuing two decades, acting pro se, he has filed an unsuccessful habeas corpus petition, two unsuccessful motions to vacate his sentence, and five motions for an out-of-time direct appeal. He filed his first motion for an out-of-time appeal in December 2008. After that motion was denied by the trial court, Wetherington filed a timely notice of appeal on January 20, 2009. For reasons not explained in the record, however, the Lowndes County Clerk's office did not transmit the notice of appeal and the record to this Court as directed, even after

Wetherington wrote to the clerk's office in November 2009 to advise that this Court had not received the record and again requested that the clerk forward it. There is also no indication in the record that the appeal was ever withdrawn or dismissed.

In August 2010, Wetherington filed a second motion for an out-of-time appeal, which was denied in November 2010; he again filed a timely notice of appeal, but the clerk's office again failed to transmit it and the record to this Court. Wetherington filed two more motions for an out-of-time appeal, in September 2012 and March 2013, which apparently have not been ruled on by the trial court. On June 24, 2013, he filed his fifth motion for an out-of-time appeal, which was denied by the trial court in an order entered on September 18, 2013. This is his appeal from that order.

Although Wetherington's appeal from the denial of his first motion for an out-of-time appeal was never docketed in this Court because the trial court clerk failed to transmit the notice of appeal and corresponding record, that appeal remains pending. See Scroggins v. State, 288 Ga. 346, 347 (703 SE2d 622) (2010) (holding that although a notice of appeal "did not result in a transcript and record being transmitted to the Court of Appeals, and no appeal was ever

docketed in that Court, for the purposes of the trial court's jurisdiction, the direct appeal . . . remained pending"). That pending appeal acts as a supersedeas, depriving the trial court of "'the power to affect the judgment appealed.'" Id. (citation omitted). Because Wetherington's June 2013 motion for an out-of-time appeal challenged the same judgment of conviction that was challenged in his pending January 2009 appeal, the trial court lacked jurisdiction to rule on the motion, and we therefore must reverse the court's order denying the June 2013 motion. See id. ("'When a trial court enters a judgment where it does not have jurisdiction, such judgment is a mere nullity; but an appeal from such an illegal judgment will not be dismissed but instead, the void judgment will be reversed.'" (citation omitted)).[1]

Judgment reversed. All the Justices concur.

---

[1] We note that if Wetherington's January 2009 appeal remains pending and the Lowndes County Clerk's office continues not to transmit the notice of appeal and the corresponding record to this Court in accordance with OCGA § 5-6-43 (a), it may be appropriate for Wetherington to file a petition for mandamus seeking to compel the clerk to perform her statutory duty.

Decided May 5, 2014.

Murder, etc. Lowndes Superior Court. Before Judge Cowart.

Michael Wetherington, pro se.

    J. Daivd Miller, District Attorney, Jessica W. Clark, Assistant District Attorney, Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, for appellee.