**THIRD DIVISION**
**BARNES, P. J.,**
**BOGGS and BRANCH, JJ.**

**NOTICE: Motions for reconsideration must be**
**_physically received_ in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**June 20, 2014**

# In the Court of Appeals of Georgia

A14A0633. WARE v. THE STATE.

BOGGS, Judge.

Gregory Ware appeals, pro se, from the trial court's order denying his motion for an out-of-time appeal. In related enumerations of error, he contends that the trial court erred by failing to inquire into whether his right to an out-of-time appeal was lost due to ineffective assistance of counsel, that his claims can be resolved by facts contained in the record, and that his plea counsel's performance was deficient in failing to challenge the validity of the indictment. For the reasons explained below, we reverse and remand this case with direction.

The record shows that Ware pleaded guilty to kidnapping, aggravated assault, and terroristic threats, and his sentence was entered on August 9, 2004. On September 2, 2004, Ware filed a pro se notice of appeal in which he asserted ineffective

assistance of counsel in the trial court and asked for an appointed appellate attorney because he was indigent. For reasons unknown, the Richmond County Superior Court Clerk's office did not transmit the notice of appeal and record to this court.

While the pro se notice of appeal may not have been perfect in form, see OCGA § 5-6-37, it sufficiently identified the judgment appealed from and should have been acted upon. See *Brumby v. State*, 264 Ga. 215, 217-218 (2) (443 SE2d 613) (1994); OCGA § 5-6-48 (f) ("Where it is apparent from the notice of appeal, the record, the enumeration of errors, or any combination of the foregoing, what judgment or judgments were appealed from or what errors are sought to be asserted upon appeal, the appeal shall be considered in accordance therewith notwithstanding that the notice of appeal fails to specify definitely the judgment appealed from or that the enumeration of errors fails to enumerate clearly the errors sought to be reviewed.") Additionally, there is no indication in the record that the appeal was dismissed or withdrawn. Instead, Ware has attempted to obtain a review of alleged error in the trial court through two motions for an out-of-time appeal and a habeas corpus proceeding. The appeal presently before us involves the denial of Ware's second motion for an out-of-time appeal.

As held by the Supreme Court of Georgia in a case involving similar facts, the timely direct appeal that was never acted upon by the trial court clerk "remains pending."*Wetherington v. State*, ____ Ga. ___ Case No. S14A0528, decided May 5, 2014). "That pending appeal acts as a supersedeas, depriving the trial court of the power to effect the judgment appealed."[1] (Citation and punctuation omitted.) Id. The trial court therefore "lacked jurisdiction to rule" on Ware's motion for an out-of-time appeal, because it involves the same judgment of conviction that was challenged in his September 2, 2004 notice of appeal. Id. In accordance with the Supreme Court's

---

[1] While the notice of appeal lacked a certificate of service, the failure to include a certificate of service does not subject an appeal to dismissal. See OCGA § 5-6-48 (a) ("Failure of any party to perfect service of any notice or other paper hereunder shall not work dismissal; but the trial and appellate courts shall at any stage of the proceeding require that parties be served in such manner as will permit a just and expeditious determination of the appeal. . . ." ); *Ward v. Ward*, 115 Ga. App. 778, 781 (1) (156 SE2d 210) (1967) (failure to serve copy of notice of appeal is not a ground of dismissal). The General Assembly enacted the Appellate Practices Act of 1965 to "trend away from highly technical rules of practice," *In re Norris*, 154 Ga. App. 173, 174 (1) (267 SE2d 788) (1980), and the Act expressly provides that it "*shall* be liberally construed so as to bring about a decision on the merits of every case appealed and to avoid dismissal of any case. . . .) (Emphasis supplied.) OCGA § 5-6-30. To the extent the Supreme Court of Georgia's opinion in *Bull v. Bull*, 243 Ga. 72, 73 (4) (252 SE2d 494) (1979), may conflict with OCGA § 5-6-48 (a), the statute controls. *Georgia Investment Co. v. Norman*, 229 Ga. 160, 162 (190 SE2d 48) (1972) (on motion for rehearing). We therefore conclude that the lack of a certificate of service does not preclude this court from considering the September 2, 2004 notice of appeal as still pending based upon the Supreme Court's recent decision in *Wetherington v. State*, ___ Ga. ___ (Case No. S14A0528, decided May 5, 2014).

opinion in *Wetherington,* we reverse the trial court's order denying Ware's motion for an out-of-time appeal because it "is a mere nullity." (Citation omitted.) Id.

Upon receipt of the remittitur in this case, the trial court should rule upon Ware's September 2, 2004 request for appointed appellate counsel, order the defendant to serve the September 2, 2004 notice of appeal upon the State, and require the clerk's office to act upon the September 2, 2004 notice of appeal.

*Judgment reversed and case remanded with direction. Branch, J., concurs. Barnes, P. J., concurs in the judgment only.*