296 Ga. 451
FINAL COPY

S14A1525. WETHERINGTON v. THE STATE.

HUNSTEIN, Justice.

Appellant Michael Wetherington appeals the trial court's denial of his motion for an out-of-time appeal from his convictions based on a guilty plea in Lowndes County. Because Appellant has not shown that he had a right to file even a timely direct appeal, we affirm the trial court's denial of Appellant's motion for an out-of-time appeal.

This Court recently addressed another one of Appellant's motions for an out-of-time appeal in Wetherington v. State, 295 Ga. 172 (758 SE2d 299) (2014). In that opinion, we set forth the background of Appellant's case as follows:

> On July 27, 1986, Wetherington[, who had retained counsel,] pled guilty to malice murder, attempted armed robbery, and attempted kidnapping; he was sentenced to serve life in prison for the murder and consecutive ten-year sentences for the two other convictions.
> Wetherington did not file a timely direct appeal. However, over the ensuing two decades, acting pro se, he has filed an unsuccessful habeas corpus petition, two unsuccessful motions to vacate his sentence, and five motions for an out-of-time direct appeal. He filed his first motion for an out-of-time appeal in December 2008. After that motion was denied by the trial court,

Wetherington filed a timely notice of appeal on January 20, 2009. For reasons not explained in the record, however, the Lowndes County Clerk's office did not transmit the notice of appeal and the record to this Court as directed, even after Wetherington wrote to the clerk's office in November 2009 to advise that this Court had not received the record and again requested that the clerk forward it. There is also no indication in the record that the appeal was ever withdrawn or dismissed.

In August 2010, Wetherington filed a second motion for an out-of-time appeal, which was denied in November 2010; he again filed a timely notice of appeal, but the clerk's office again failed to transmit it and the record to this Court. Wetherington filed two more motions for an out-of-time appeal, in September 2012 and March 2013, which apparently have not been ruled on by the trial court. On June 24, 2013, he filed his fifth motion for an out-of-time appeal, which was denied by the trial court in an order entered on September 18, 2013.

Id. at 172-173. Wetherington appealed the denial of his fifth motion for an out-of-time appeal, and this Court reversed the trial court's denial of his motion.[1]

Id. at 173.

After the Court issued its opinion, the Lowndes County Clerk's office transmitted Appellant's notice of appeal from January 20, 2009, in which Appellant appeals the denial of his first motion for an out-of-time appeal. It is

---

[1] This Court found that Appellant's first motion for an out-of-time appeal, which was never docketed in this Court but remained pending, acted as a supersedeas and deprived the trial court of the power to issue judgment on his fifth motion for an out-of-time appeal. Id. at 173.

2

this appeal that is now before the Court.

> 1.  Out-of-time appeals are designed to address the constitutional concerns that arise when a criminal defendant is denied his first appeal of right because the counsel to which he was constitutionally entitled to assist him in that appeal was professionally deficient in not advising him to file a timely appeal and that deficiency caused prejudice. Thus, an out-of-time appeal is appropriate when a direct appeal was not taken due to ineffective assistance of counsel.

Stephens v. State, 291 Ga. 837, 837-838 (1) (733 SE2d 266) (2012) (citations and punctuation omitted).

In order to bring an out-of-time appeal on the grounds that trial counsel was ineffective, Appellant must necessarily have had the right to file a direct appeal. Grantham v. State, 267 Ga. 635, 635 (481 SE2d 219) (1997). Although a "criminal defendant has the absolute right to file a timely direct appeal from a judgment of conviction and sentence entered after a jury or bench trial[,] . . . [a] criminal defendant has no unqualified right to file a direct appeal from a judgment of conviction and sentence entered on a guilty plea." Smith v. State, 266 Ga. 687, 687 (470 SE2d 436) (1996).

> A direct appeal from a judgment of conviction and sentence entered on a guilty plea is only available if the issue on appeal can be resolved by reference to facts on the record. The ability to decide the appeal based on the existing record thus becomes the deciding

3

factor in determining the availability of an out-of-time appeal when the defendant has pled guilty. Issues regarding the effectiveness of counsel are not reached unless the requirement that the appeal be resolved by reference to facts on the record is met.

Grantham, 267 Ga. at 635 (citation omitted).

Appellant must establish a good and sufficient reason which entitles him to an out-of-time appeal. Smith, 266 Ga. at 687. To meet this burden, Appellant is required to "set forth the questions he would raise should the appeal be granted" and show that these questions could be answered by facts in the record. Wheeler v. State, 269 Ga. 547, 548 (499 SE2d 629) (1998). He cannot merely allege that he was not informed of his right to appeal. See Barnes v. State, 274 Ga. 783, 783 (559 SE2d 446) (2002); Smith, 266 Ga. at 688.

If the appellate questions Appellant proposes could not be resolved exclusively on the basis of the existing record, then Appellant would have had no right to file a timely direct appeal and therefore no right to an out-of-time appeal. Stephens, 291 Ga. at 838. Instead, Appellant must pursue any claims that require an expansion of the record in a habeas corpus petition. Id. If the appellate questions Appellant proposes could be resolved by using the existing record, but these questions can be resolved against him, then Appellant had no

4

right to file a timely notice of direct appeal and therefore no right to an out-of-time appeal. Brown v. State, 280 Ga. 658 (2) (631 SE2d 687) (2006); Barnes, 274 Ga. at 783.

On the other hand, if the appellate questions raised by Appellant can be resolved in his favor by using the existing record, then Appellant must show that his counsel was ineffective in not filing a timely direct appeal. Stephens, 291 Ga. at 838. To demonstrate ineffectiveness, Appellant must show that his trial counsel provided deficient performance and that, but for such unprofessional performance, there is a reasonable probability that the outcome of the proceeding would have been different. Id. at 838-839; see also Strickland v. Washington, 466 U. S. 668, 687, 694 (104 SCt 2052, 80 LE2d 674) (1984).

Finally, once a defendant has pled guilty to the offenses charged, an out-of-time appeal is not available to raise independent claims alleging the deprivation of constitutional rights, which occurred prior to the entry of a guilty plea. Moore v. State, 285 Ga. 855, 858 (2) (684 SE2d 605) (2009); Addison v. State, 239 Ga. 622, 624 (238 SE2d 411) (1977); Harwood v. State, 303 Ga. App. 23 (692 SE2d 665) (2010).

With a few limited exceptions . . . , a plea of guilty generally waives

all defenses except that based on the knowing and voluntary nature of the plea. An exception will only be made if the error goes to the very power of the State to bring the defendant into court.

Moore, 285 Ga. at 858 (citations and punctuation omitted).

2. Appellant asserts that while the trial judge informed him of his direct appeal rights, the judge also assumed that his retained trial counsel would represent him on appeal and never informed Appellant that counsel could be appointed to represent him on direct appeal. He contends that his trial counsel never corrected the trial judge's assumption about retained counsel continuing to represent him on appeal.[2] Additionally, he asserts that counsel never informed him, or asked the trial judge to inform him, that he had a right to the appointment of counsel on direct appeal.

Appellant has set forth the questions he would raise should this Court grant him an appeal. First, he alleges that the affidavits submitted in support of the arrest warrants for him were insufficient to provide probable cause for arrest, contained only conclusions, and were not based on the personal knowledge of

---

[2]Appellant alleges that his retained counsel explained to him that in light of his guilty plea, he had received the best sentence he could get and there was nothing to appeal.

6

the affiant. He argues that as a result the magistrate judge had no basis to issue arrest warrants for him, the trial court had no basis on which to accept his guilty plea or adjudicate this case, and his sentences are void.

This proposed appellate issue is not a proper subject for a motion for an out-of-time appeal because, when Appellant entered his guilty plea voluntarily, he waived any challenge to the validity of the arrest warrants, and no exception to this waiver applies here. See Moore, 285 Ga. at 858; see also Gibson v. State, 290 Ga. 516 (2) (a) (722 SE2d 741) (2012). Appellant makes no allegation that his guilty plea was not entered knowingly and voluntarily. Indeed, the record indicates that Appellant understood the nature of the charges against him and the consequences of his guilty plea and that the plea was not induced by coercion and was voluntarily entered. See Moore, 285 Ga. at 858; see also Gibson, 290 Ga. at 517.

Appellant's next proposed appellate issue is that his retained trial counsel was ineffective for failing to fully investigate his case and discover that the arrest warrants were invalid. These issues cannot be resolved by reference to the facts contained in the record, and instead, can be developed only in the context of a post-plea hearing. Therefore, a motion for an out-of-time appeal is not

available to Appellant on these issues, and instead, he must pursue counsel's alleged ineffectiveness in an action for habeas corpus. See Moore, 285 Ga. at 858 (rejecting the appellant's claim that his trial counsel was ineffective based on a failure to properly investigate the validity of an arrest warrant because the issue could not be resolved by reference to the facts in the record); Grantham, 267 Ga. at 636.

Since Appellant's proposed appellate questions are not the proper subject for a motion for an out-of-time appeal or cannot be resolved by reference to facts in the record, he had no right to pursue even a timely notice of appeal from the judgment of conviction entered on his guilty plea. See, e.g., Gibson, 290 Ga. at 517; Moore, 285 Ga. at 858. It follows that he was not entitled to be informed of a nonexistent "right" to appeal or be appointed counsel for that appeal. See Johnson v. State, 275 Ga. 390 (565 SE2d 805) (2002) (where the appellant alleged that trial counsel was ineffective for failing to inform him of his right to appeal and the court failed to inform him of his right to appeal and to the appointment of counsel, affirming denial of motion for an out-of-time appeal because the appellate issues proposed could not be resolved by the record and therefore the appellant was not entitled to be informed of a nonexistent right to

appeal); <u>Morrow v. State</u>, 266 Ga. 3, 4 (463 SE2d 472) (1995) (the appellant was not entitled to be informed of a nonexistent "right" to appeal because he had no right to file even a timely notice of appeal since the issue he sought to raise in his motion for an out-of-time appeal could not be resolved only by reference to facts in the record).

Accordingly, the trial court did not err in denying Appellant's motion for an out-of-time appeal.

<u>Judgment affirmed. All the Justices concur, except Hines, P. J., Nahmias and Blackwell, JJ., who concur in judgment only.</u>

Decided February 2, 2015.

Murder, etc. Lowndes Superior Court. Before Judge McLane, Senior Judge.

Michael Wetherington, <u>pro se.</u>

<u>J. David Miller, District Attorney, Jessica W. Clark, Assistant District Attorney, Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General,</u> for appellee.