**SECOND DIVISION**
**BARNES, P. J.,**
**BOGGS and RICKMAN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**August 3, 2016**

# In the Court of Appeals of Georgia

A16A0907. CHISM v. THE STATE.

BARNES, Presiding Judge.

Deandre Chism plead guilty to armed robbery, kidnapping, and other offenses in 2005, and was sentenced to life plus ten years. After repeated unsuccessful attempts to obtain a copy of his plea transcript and other documents, in 2015 Chism filed a pro se motion for an out-of-time appeal. The trial court denied the motion, and for the reasons that follow, we affirm.

In his motion for an out-of-time appeal, Chism argued that on November 11, 2005, three days after he pled guilty and was sentenced, he asked his court-appointed lawyer to file either a motion to withdraw his plea or an appeal. Attached to his motion is a letter from Chism's appointed trial counsel to the county public defender's office relaying Chism's requests, and noting that counsel had taken no action. In July 2006, Chism made his first request to the clerk of court for a copy of his plea transcript and other documents pertaining to his case, to which the clerk

responded by saying a representative could come to the court and make copies of the record for 25 cents per page. Alternatively, if Chism requested specific documents, the clerk could prepare a bill of costs to be paid before copies would be made and transmitted to him, or he could seek a copy of his file from his lawyer. The clerk also directed Chism to contact the court reporter to obtain a copy of the hearing transcript.

In August 2006, Chism sent a request for a copy of his file and the plea hearing under the Open Records Act, and on the request is written: "Motion denied. Defendant was represented by counsel who may have pre-trial documents. . . . [T]he court reporter will supply the plea transcript upon request and remuneration. No appeal has been filed, and time for appeal has expired. This 16 August 2006. [Signature,] Judge."

Chism filed additional requests for a copy of the record and the plea hearing transcript, including pauper's affidavits, in September 2006 and in May 2007. The trial court clerk responded to the May 2007 request as she did to the July 2006 request. In March 2008, Chism filed a "Petition – Application for Case Record and Transcripts of Proceedings" and a "Request to Proceed in Forma Pauperis," explaining that he sought the records because he wanted to file habeas corpus petitions and could not make the needed prima facie showing without them. The trial

2

court wrote "Denied, this 27 March 2008" on the petition, and on April 10, 2008, Chism filed a notice of appeal from that denial. The trial court clerk sent Chism a bill of costs for $254 on April 25, 2008, and the trial court dismissed the appeal in August 2008 because Chism had not paid the costs.

Chism continued trying to obtain a copy of the record and plea transcript in this case, filing pleadings in November 2008, January 2009, September 2009, May 2010, and April 2013 The trial court issued numerous orders in response, noting in its order of November 2013 that it had already denied Chism's request five times. Finally, in February 2015, Chism filed a motion for an out-of-time appeal, arguing that neither the trial court nor his trial counsel told him he could appeal, that he told his trial counsel he wanted to appeal or move to withdraw his plea, and that his trial counsel was ineffective in ten specific areas. He also argued that his kidnapping conviction could not be sustained because the element of asportation was absent, per *Garza v. State*, 284 Ga. 696 (2008).

The trial court denied Chism's motion because first, *Garza* was decided more than three years after Chism's plea and he had no direct appeal pending, and therefore the requirement that the State show more than "slight movement" to establish the essential element of asportation in a kidnapping charge did not apply. Further, the

facts proffered by the State at Chism's plea were that Chism held a shotgun to the head of his taxi driver victim and forced him to drive into a deserted area before robbing him, which satisfied even the more stringent requirements of *Garza*. Second, the trial court denied Chism's motion because his claims of ineffective assistance could not be resolved by reviewing the current record and transcript; thus, if he were granted a direct appeal, "there would be no record upon which to base the various claims of ineffective assistance which he is now seeking to raise."

Chism filed a notice of appeal in March 2015, and the clerk sent him a bill of costs. Chism filed a request to proceed as a pauper in September 2015, and shortly after that he filed a second motion for an out-of-time appeal. In an order issued in December 2015, the trial court noted that it could require the State to produce Chism for a hearing to consider whether the appeal should be dismissed for failure to pay costs or file a timely affidavit of indigency, but the court would still be required to address Chism's request to proceed in forma pauperis. The court continued,

> The state's trial judges face a daily struggle to find balance between failvly addressing the voluminous filings by prison inmates and ensuring those with arguable merit are addressed in a timely fashion to ensure that colorable claims are efficiently heard. This case is but one small example of that issue. This court finds the best course in this case is to find the defendant to be indigent based upon his most recent filing and

directs the Clerk to submit the record from the Notice of Appeal to the Court of Appeals.

This appeal was then docketed in this court on February 4, 2016. The record includes the indictment, numerous pre-trial motions filed by Chism's trial counsel, including a motion to suppress Chism's custodial statements and a motion and order granting funds for a mental health evaluation of Chism, voluminous discovery from the State, the plea hearing transcript, and all of Chism's post-conviction filings and the trial court's responses thereto.

We find no error in the trial court's decision to deny Chism's motion for an out-of-time direct appeal from the judgment and sentence entered on his guilty plea, because his ineffective assistance claims cannot be resolved favorably based on the current record. While a defendant has an absolute right to a direct appeal from a conviction and sentence entered after a jury or bench trial, a defendant who enters a plea of guilty has no right to a direct appeal. *Smith v. State*, 266 Ga. 687, 687 (470 SE2d 436) (1996). Instead,

> [a] direct appeal from a judgment of conviction and sentence entered on a guilty plea is only available if the issue on appeal can be resolved by reference to facts on the record. The ability to decide the appeal based on the existing record thus becomes the deciding factor in determining

the availability of an out-of-time appeal when the defendant has pled guilty. Issues regarding the effectiveness of counsel are not reached unless the requirement that the appeal be resolved by reference to facts on the record is met.

*Grantham v. State*, 267 Ga. 635, 635 (481 SE2d 219) (1997).

Here, Chism argued in the trial court that his trial counsel was ineffective for allowing him to enter a non-negotiated plea despite his mental illness and limitations, for failing to request a mental competency hearing, for failing to present evidence about Chism's history of mental evaluations, for misrepresenting Chism's juvenile offender information during the plea hearing, for failing to present evidence of Chism's mental health status as a mitigating factor in sentencing, for failing to request a plea of guilty but mentally ill, and other claims related to the blind plea. "These issues cannot be resolved by reference to the facts contained in the record, and instead, can be developed only in the context of a post-plea hearing. Therefore, a motion for an out-of-time appeal is not available to [Chism] on these issues, and instead, he must pursue counsel's alleged ineffectiveness in an action for habeas corpus." *Wetherington v. State*, 296 Ga. 451, 455 (769 SE2d 53) (2015).

*Judgment affirmed. Boggs and Rickman, JJ., concur.*

6