300 Ga. 485
FINAL COPY

S16A1449. ROLLINS v. ROLLINS.

BLACKWELL, Justice.

Glen William Rollins and Danielle Deaton Rollins were divorced in December 2013, and they agreed at that time to submit to binding arbitration of their respective claims to certain furniture and furnishings in the marital home. The arbitrator rendered an award in July 2014, and Glen promptly moved for judicial confirmation of the award. While his motion for confirmation was pending,[1] the trial court ordered Danielle in August 2014 to account for some of the furniture and furnishings that the arbitrator had awarded to Glen, the location of which Glen had been unable to ascertain since the award was rendered. Dissatisfied with her accounting, Glen filed a motion to hold Danielle in contempt of the August 2014 order. In April 2015, the trial court found that Danielle was in willful contempt of the August 2014 order in at least one

---

[1] The trial court later confirmed the arbitration award.

respect, and it entered an initial contempt order that directed Danielle to show cause why she ought not be incarcerated for her contempt.

Danielle sought appellate review of that initial contempt order, both by filing an application for discretionary review in this Court, and by filing a notice of direct appeal. In May 2015, we denied the application for discretionary review.[2] The transmission of the record in the direct appeal took some time, and the direct appeal was not docketed in this Court until November 2015. On December 3, 2015, we dismissed the direct appeal, explaining that any appeal from the initial contempt order had to come by application, and noting that we already had denied an application for discretionary review of the same initial contempt order.[3]

In the meantime, the trial court held a final hearing on the motion for contempt and entered a final contempt order on November 24, 2015, finding Danielle in contempt of the August 2014 order in additional respects, directing her to immediately surrender any property awarded to Glen, ordering her to pay

---

[2] See Rollins v. Rollins, Case No. S15D1277 (May 26, 2015) (motion for reconsideration denied, July 6, 2015).

[3] See Rollins v. Rollins, Case No. S16A0352 (December 3, 2015).

Glen for any such property that had gone missing or was damaged, and ordering her to pay fines for 34 separate instances of contempt. The trial court also awarded attorney fees to Glen in connection with the contempt proceedings. Danielle filed an application for discretionary review of this final contempt order, and we granted her application.[4] For the reasons that follow, we vacate the final contempt order entered in November 2015, and we remand this case for further proceedings consistent with this opinion.

1. Danielle argues that the trial court was without jurisdiction to enter a final contempt order while her direct appeal from the initial contempt order still was pending in this Court. We agree. By filing a notice of appeal from the initial contempt order, Danielle triggered an automatic supersedeas of that order. See OCGA § 5-6-46 (a). See also Massey v. Massey, 294 Ga. 163, 166 (3) (751 SE2d 330) (2013). "At that point, the trial court was deprived of the power to

---

[4] See Rollins v. Rollins, Case No. S16D0588 (January 20, 2016). Although Danielle identified eight claims of error in her application that she sought to urge on appeal, we granted her application only as to two claims of error — that the trial court was without jurisdiction to enter a final contempt order while her appeal from the initial contempt order remained pending in this Court and that the trial court erred in awarding attorney fees incurred by Glen in connection with various appeals in this case. See Zekser v. Zekser, 293 Ga. 366, 369 (2) (744 SE2d 698) (2013) (appellate court may limit grant of application for discretionary review).

affect the judgment appealed." Massey, 294 Ga. at 166 (3) (citation and punctuation omitted). It is true that a direct appeal was improper — any appeal from the initial contempt order had to come by application — and that the appeal was, therefore, subject to dismissal from the beginning. "That would not have meant, however, that the trial court retained jurisdiction." Tolbert v. Toole, 296 Ga. 357, 361 (2) (767 SE2d 24) (2014) (citation omitted). See also Styles v. State, 245 Ga. App. 90, 90 (537 SE2d 377) (2000) (the rule "that a superior court is without authority to alter a judgment while an appeal of that judgment is pending" applies "even when the pending appeal is dismissed for lack of jurisdiction"), disavowed in part on other grounds, Islamkhan v. Khan, 299 Ga. 548, 552 (2), n. 7 (787 SE2d 731) (2016). As a leading treatise on appellate practice in Georgia explains, "dismissal of an appeal for lack of jurisdiction is not retroactive," and "even if [an] appeal is jurisdictionally defective from the outset, the notice of appeal [ordinarily] acts as a supersedeas until the appeal is dismissed." Christopher J. McFadden et al., Georgia Appellate Practice § 17:11 (November 2016 update) (citations omitted).

In its final contempt order, the trial court rejected the notion that the pending (but jurisdictionally flawed) direct appeal from the initial contempt

4

order worked a supersedeas, explicitly finding that the direct appeal was "unlawful" because any appeal from orders entered in this domestic relations case was required to come by application pursuant to OCGA § 5-6-35 (a) (2). But neither the trial court nor Glen cited any authority for the proposition that a trial court is entitled to simply ignore the supersedeas effect of a pending appeal on the ground that the appeal is due to be dismissed.[5] When an appeal appears jurisdictionally frivolous, a trial court certainly may require the appellant to post a supersedeas bond (both to satisfy the judgment and to cover the costs, interest, and damages for delay if the appeal is found to be, in fact, frivolous). See Horn v. Shepard, 292 Ga. 14, 21 (10) (732 SE2d 427) (2012). There also is some authority for the proposition that a trial court may award attorney fees under OCGA § 9-15-14 for filing in the *trial* court a frivolous

_____

[5] In earlier appeals in this case, we had noted that it was a domestic relations case, and so, any appeals had to come by application. See OCGA § 5-6-35 (a) (2). Glen argues that these previous orders were res judicata and "law of the case" on the issue of whether a discretionary application was required in order to appeal from a contempt order in this case. See OCGA § 9-11-60 (h); Northwest Social and Civic Club v. Franklin, 276 Ga. 859, 860 (583 SE2d 858) (2003). Our prior orders in this case certainly bolster our eventual dismissal of the direct appeal from the initial contempt order. They do not, however, provide authority for the trial court to make its own determination of our appellate jurisdiction and ignore the supersedeas effect of the direct appeal that was pending at the time the trial court entered its final contempt order.

notice of appeal.[6] See <u>Sommers v. State Compensation Ins. Fund</u>, 229 Ga. App. 352, 353-354 (3) (494 SE2d 82) (1997). Appropriate remedies in the appellate court may include not only dismissal of the jurisdictionally flawed appeal, but also sanctions under OCGA § 5-6-6, Supreme Court Rule 6, or Court of Appeals Rule 7 (e). See <u>Fairburn Banking Co. v. Gafford</u>, 263 Ga. 792, 793 (439 SE2d 482) (1994); <u>Department of Transp. v. Franco's Pizza & Delicatessen</u>, 200 Ga. App. 723, 728 (5) (409 SE2d 281) (1991), overruled on other grounds, <u>White v. Fulton County</u>, 264 Ga. 393, 394 (1) (444 SE2d 734) (1994). But until the appellate court has acted, the trial court cannot just ignore supersedeas. Danielle "chose to pursue an appellate avenue that was closed to [her], and filed [a] notice of appeal [from the initial contempt order]. Even though this course was ill-chosen, the notice of appeal acted as supersedeas and deprived the trial court

---

[6] A trial court may not, however, award fees under OCGA § 9-15-14 for frivolous filings in the *appellate* court. See Division 2 infra.

of the power to affect the judgment appealed . . . ."[7] Scroggins v. State, 288 Ga.

346, 347 (703 SE2d 622) (2010) (citation and punctuation omitted).

"[A]n appellate court is the sole authority in determining whether a filed

notice of appeal or discretionary application is sufficient to invoke its

jurisdiction." Islamkhan, 299 Ga. at 552 (2), n. 7 (citation omitted).[8] The

---

[7] Citing Avren v. Garten, 289 Ga. 186, 190-191 (6) (710 SE2d 130) (2011), Glen argues that the supersedeas effect of Danielle's direct appeal from the initial contempt order did not deprive the trial court of jurisdiction at the final hearing on November 19, 2015 because the final hearing related to matters independent of the initial contempt order, specifically, the consequences of having found Danielle in contempt and attorney fees. Avren, however, involved the supersedeas effect of a contempt order (and dismissal of a modification petition) only on a subsequent award of attorney fees. In this case, the final hearing and contempt order in November 2015 dealt with remedies for the very contempt that the trial court had already found in the order to which the supersedeas at issue applied. The final hearing and contempt order, therefore, are precisely the kind of subsequent proceedings contemplated when we say that "[t]he supersedeas of a filed application or notice of appeal deprives the trial court of the power to affect the judgment appealed, so that subsequent proceedings purporting to supplement, amend, alter or modify the judgment, whether pursuant to statutory or inherent power, are without effect." Id. at 190 (6) (citation and punctuation omitted). See Massey, 294 Ga. at 166 (3) (supersedeas of one contempt order deprived the trial court of jurisdiction to enter a subsequent order of contempt of the first order); Fred Jones Enterprises v. Williams, 331 Ga. App. 481, 484 (1) (771 SE2d 163) (2015) (distinguishing Avren in a different context).

[8] On the other hand, when an attempt is made to appeal an interlocutory order without following the statutory requirements of OCGA § 5-6-34 (b) for a certificate of immediate review from the trial court and an order from the appellate court expressly granting permission to appeal, the unauthorized notice of appeal does not serve as supersedeas, and it is ineffective to confer jurisdiction on the appellate court to hear the appeal. Islamkhan, 299 Ga. at 552 (2), n. 7. In this case, however, Danielle had the right to seek immediate appellate review of the initial contempt order without requesting a certificate of immediate review under OCGA § 5-6-34 (b). See OCGA § 5-6-34 (a) (2); Massey, 294 Ga. at 164 (2).

7

appellate court maintains jurisdiction — and the automatic supersedeas remains in effect — until it has filed an order dismissing the appeal (or otherwise disposing of it), the appellate court has issued the remittitur, and the remittitur has been received and filed by the clerk of the trial court. "Only then does the trial court regain jurisdiction to take further action with respect to the judgment appealed." Massey, 294 Ga. at 166 (3) (citation omitted). Because Danielle's direct appeal from the initial contempt order remained pending, "the trial court lacked jurisdiction on [November 24, 2015] to enter [the final] order holding [Danielle] in contempt . . . ." Id. See also Scroggins, 288 Ga. at 347. As a result, the final contempt order is null and void. See Scroggins, 288 Ga. at 347; Chambers v. State, 262 Ga. 200, 201-202 (1), (3) (415 SE2d 643) (1992); Styles, 245 Ga. App. at 91 ("This is true even if the first appeal ultimately [was] dismissed for lack of jurisdiction." (Citations omitted)). "[W]e must vacate the [November 24, 2015 final] contempt order for that reason." Massey, 294 Ga. at 166 (3).

2. When this case is returned to the trial court for further proceedings consistent with this opinion, and when the trial court considers anew the question of attorney fees under OCGA § 9-15-14, it should not award Glen any

attorney fees incurred in connection with proceedings in this Court (whether in this appeal or previous appeals), as such attorney fees are not recoverable under OCGA § 9-15-14.[9] See Kautter v. Kautter, 286 Ga. 16, 19 (4) (c) (685 SE2d 266) (2009); McGahee v. Rogers, 280 Ga. 750, 754 (2) (632 SE2d 657) (2006).

Judgment vacated and case remanded with direction. All the Justices concur.

Decided February 6, 2017.

Domestic relations. Fulton Superior Court. Before Judge Lane.

Christopher A. Corbett, for appellant.

R. Scott Berryman, for appellee.

---

[9] It appears from the final contempt order and the transcript of the final hearing that the trial court erroneously included in its award of attorney fees amounts that Glen had specifically requested for defending against Danielle's attempted appeals from the initial contempt order.