303 Ga. 567
FINAL COPY

S18A0012. RICKS v. THE STATE.

HUNSTEIN, Justice.

Ashleigh Ricks appeals the denial of her 2017 motion for an out-of-time appeal from her guilty plea conviction for felony murder in Baldwin County, and we vacate, concluding that the trial court was without jurisdiction to decide the motion.

In May 2012, Ricks pled guilty to felony murder and received a life sentence. Shortly thereafter, Ricks, acting pro se, began to file a stream of pleadings, including a "motion to appeal," a motion for the reduction of sentence, a motion for new trial, and a motion for a change of venue. In October 2012, the trial court conducted a hearing — at which Ricks was represented by counsel — and orally denied the various pending motions; the trial court memorialized its ruling in an order filed in November 2012. On October 23, 2012, between the date of the hearing and the filing of the written order, Ricks' motion-hearing counsel filed a notice of appeal from the denial of Ricks'

motions. For reasons not explained in the record, there is no indication that the notice of appeal or record was transmitted to the appropriate court, and there is also no indication in the record that the appeal was ever withdrawn or dismissed. Undeterred by the denial of her first round of motions, Ricks continued her prolific filing and, in April 2017, filed a motion for an out-of-time appeal; that motion was denied just days after it was filed, and Ricks filed a timely notice of appeal to this Court challenging that ruling.

Although Ricks' 2012 notice of appeal was never properly docketed, the appeal remains pending, see Scroggins v. State, 288 Ga. 346, 347 (703 SE2d 622) (2010), and the pending appeal acts as a supersedeas, depriving the trial court of "'the power to affect the judgment appealed.'" (Citation omitted.) Id. Because Ricks' 2017 motion for an out-of-time appeal challenges the same judgment of conviction challenged in the still-pending 2012 notice of appeal, the trial court lacked jurisdiction to consider the motion, and its ruling is a mere nullity. See Wetherington v. State, 295 Ga. 172, 173 (758 SE2d 299) (2014). While in the past we have reversed the trial court under these circumstances, see, e.g., Wetherington and Scroggins, supra, we conclude that the correct judgment

2

is to vacate the void order.[1]  See, e.g., <u>Rollins v. Rollins</u>, 300 Ga. 485, 488-489 (796 SE2d 721) (2017); <u>Massey v. Massey</u>, 294 Ga. 163, 166 (3) (751 SE2d 330) (2013).  Accordingly, in light of the still-pending 2012 notice of appeal, we vacate the trial court's April 2017 order denying Appellant's motion for an out-of-time appeal.[2]

---

[1] Vacatur of a judgment entered by a trial court that has lost jurisdiction due to supersedeas is the appropriate remedy, as reversal incorrectly indicates the judgment is wrong on the merits.  In vacating the judgment, we overrule our prior precedents to the extent that they hold that such judgments instead should be reversed.  See, e.g., <u>Wetherington</u>, 295 Ga. at 173; <u>Scroggins</u>, 288 Ga. at 347.  We shift course only after considering factors such as the age of the precedent, the reliance interests at stake, the workability of the decision, and, most importantly, the soundness of its reasoning.  See <u>State v. Jackson</u>, 287 Ga. 646, 658 (5) (697 SE2d 757) (2010) (setting forth stare decisis factors).  Precedent indicating that reversal is appropriate where a trial court lacked jurisdiction to issue the judgment dates back a long way.  See <u>Walker v. Banks</u>, 65 Ga. 20, 22 (2) (1880).  But the age of the precedent does not justify retaining the rule, particularly given the lack of reasoning we have offered in support to date.  In adopting and applying the prior rule, we have framed the question before us not as whether we should vacate or reverse a judgment that is a nullity, but as whether we should reverse the judgment or dismiss an appeal taken on it.  See id. at 22 (1); see also <u>Scroggins</u>, 288 Ga. at 347-348; <u>Darden v. Ravan</u>, 232 Ga. 756, 758 (1) (208 SE2d 846) (1974); <u>Pope v. Jones</u>, 79 Ga. 487, 488 (2) (1888); <u>Castleberry v. State</u>, 68 Ga. 49, 51 (2) (1881).  Our cases adopting and applying a rule of dismissal do not appear to have actually considered whether vacatur is the more appropriate action.  In addition, a rule of vacating judgments that are void for lack of jurisdiction is more workable in that it allows the trial court to issue an appropriate judgment when and if it regains jurisdiction.  And no obvious reliability interests are at stake.  Therefore, stare decisis does not compel retaining a rule of reversal here.

[2] We note, as we did in <u>Wetherington</u>, that if Ricks' April 2012 notice of appeal remains pending and the Baldwin County Clerk's office fails to transmit the notice of appeal and corresponding record to this Court as required by OCGA § 5-6-43 (a), it may be appropriate for Ricks to file a petition for mandamus seeking to compel the clerk to perform his statutory duty.

Judgment vacated.  All the Justices concur.


Decided May 7, 2018.

Murder. Baldwin Superior Court. Before Judge Trammell.

Ashleigh Ricks, pro se.

Stephen A. Bradley, District Attorney; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, for appellee.