# gCourt of Appeals
# of the State of Georgia

ATLANTA, June 02, 2022

*The Court of Appeals hereby passes the following order:*

**A22A0118 & A22A0148.  WILSON v. THE STATE.**

In November 1979, a DeKalb County jury found Appellant Danny Wilson guilty of rape and burglary , and he was sentenced to concurrent 10-year terms of imprisonment. In April 2021, Appellant filed what was at least his fourth motion for an out-of-time appeal; in support of this motion, Appellant filed an affidavit and a purported "notice of appeal." In a May 2021 order, the trial court dismissed the motion. On June 1, 2021, Appellant timely filed a notice of appeal from the May 2021 dismissal order. Given the imprecise nature of Appellant's filings, this Court docketed both the April 2021 and June 2021 notices of appeal as separate appeals; however, the record and briefs before this Court suggest that there is a single appeal from the May 2021 dismissal order, and, thus, we consolidate these appeals for disposition.[1]

Putting aside the issue of res judicata – which the trial court rightly raised in its May 2021 order – in *Cook v. State*, ___ Ga. ___, ___ (___ SE2d ___) (2022 Ga. LEXIS 65, 2022 WL 779746) (Case No. S21A1270, decided March 15, 2022), our Supreme Court eliminated the judicially created out-of-time appeal procedure in trial

---

[1] Though the April 2021 filing was styled as a "notice of appeal" from Appellant's 1979 convictions, the language of that "notice of appeal" suggests that it was intended to accompany and support his motion for an out-of-time appeal rather than actually trigger an appeal, which would have been patently untimely and would have ceased all proceedings in the trial court. See *Ricks v. State*, 303 Ga. 567, 567-568 (814 SE2d 318) (2018).  Thus, there is but one appeal before this Court.

courts, holding that a trial court is "without jurisdiction to decide [a] motion for out-of-time appeal" on the merits because "there was and is no legal authority for motions for out-of-time appeal in trial courts." Id. at (5) (slip op. at 82). *Cook* also concluded that this holding is to be applied to "all cases that are currently on direct review or otherwise not yet final." Id. Thus, the dismissal of Appellant's motion for an out-of-time appeal was ultimately proper. Further, because the law does not recognize a motion for an out-of-time appeal, that motion is a nullity, and Appellant has nothing cognizable to appeal. See *Henderson v. State*, 303 Ga. 241, 244 (811 SE2d 388) (2018). Accordingly, this appeal must be dismissed. Id.

Finally, we note that if Appellant believes that he was unconstitutionally deprived of his right to appeal from his 1979 convictions, he may be able to pursue relief for that claim through a petition for a writ of habeas corpus, along with any other claims alleging deprivation of his constitutional rights in the proceedings that resulted in his conviction. See OCGA § 9-14-41 et seq. Appellant should be aware of the possible application of the restrictions that apply to such habeas corpus filings, such as the time deadlines provided by OCGA § 9-14-42 (c) and the limitation on successive petitions provided by OCGA § 9-14-51.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,*  06/02/2022

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

*Stephen E. Castlen*
                                , *Clerk.*