# Court of Appeals
# of the State of Georgia

ATLANTA,  June 28, 2023

*The Court of Appeals hereby passes the following order:*

**A23A1226. IN THE INTEREST OF M. R. S., a child.**

On June 10, 2022, the Juvenile Court of Cobb County filed an order terminating the parental rights of Akili Chelsea Smith ("mother") over her daughter, M. R. S. On July 7, 2022, Smith's appointed counsel filed a notice of appeal of the termination order. After Smith was appointed a different counsel for appeal, appellate counsel filed a motion to set aside the termination order, a motion for new trial, and a motion for out-of-time appeal. All three motions alleged that Smith's initial counsel provided ineffective assistance by failing to properly file an application for discretionary appeal of the termination order, which allegedly violated the mother's due process rights, and the motion for out-of-time appeal requested that the court grant the motion "so as to allow appellate review to protect the due process rights of the mother." Following a hearing, the juvenile court determined that the notice of appeal was "null and void at the time of its filing" and denied the motions. We granted the mother's discretionary application from this ruling, and we now remand this case with instructions for the trial court to vacate its ruling because it was entered without jurisdiction.

A "pending appeal acts as a supersedeas, depriving the trial court of the power to affect the judgment appealed." (Citation omitted.) *Ricks v. State*, 303 Ga. 567 (814 SE2d 318) (2018). Although our records indicate that Smith's July 7, 2022 notice of appeal was never docketed in this Court, "for the purposes of the trial court's jurisdiction, the direct appeal . . . remained pending." *Scroggins v. State*, 288 Ga. 346, 347 (703 SE2d 622) (2010), overruled on other grounds by *Ricks*, supra, 303 Ga. at 568 n.1. And although the trial court concluded that the notice of appeal was "null

and void at the time of its filing" because Smith never filed a discretionary application, "[t]he notice of appeal was never withdrawn or dismissed, and the Court of Appeals retained the power to determine its jurisdiction under the notice of appeal." Id. at 347 n.2. Moreover, although Smith also filed a motion for new trial, the motion was not filed within 30 days of the trial court's order, and it therefore constituted an extraordinary motion for new trial which did not toll the time to appeal. See OCGA §§ 5-6-38 (a), 5-5-41; *Balkcom v. State*, 227 Ga. App. 327, 331-332 (489 SE2d 129) (1997).

"Because [Smith's] motion for an out-of-time appeal challenges the same judgment of conviction challenged in the still-pending [July 7, 2022] notice of appeal, the trial court lacked jurisdiction to consider the motion, and its ruling is a mere nullity." *Ricks*, supra, 303 Ga. at 567-568. "Accordingly, in light of the still-pending [July 7, 2022] notice of appeal," id. at 568. we remand this case with instructions for the trial court to vacate its order denying Appellant's motions for an out-of-time appeal, motion to set aside the termination order, and motion for new trial.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* __06/28/2023__

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*