# Court of Appeals
# of the State of Georgia

ATLANTA, September 17, 2025

*The Court of Appeals hereby passes the following order:*

**A26A0285. WASTE MANAGEMENT OF GEORGIA, INC. v. DASHT, LLC.**

In this civil action, the jury rendered a verdict for plaintiff Dasht, LLC on several of its claims against defendant Waste Management of Georgia, Inc. Waste Management filed a motion for judgment notwithstanding the verdict, which the trial court denied. Waste Management then appealed directly to this Court. On May 30, 2025, we dismissed the appeal as premature because the record contained no written entry of a judgment on the verdict by the trial court. See Case No. A25A1868 (May 30, 2025). On June 6, the trial court entered final judgment on the jury verdict, and on June 18, Waste Management filed a second motion for judgment notwithstanding the verdict. On June 24, the trial court clerk's office filed the remittitur in Case No. A25A1868. The trial court later denied Waste Management's second motion for judgment notwithstanding the verdict, and Waste Management filed this second direct appeal. Once again, however, we lack jurisdiction.

Remittitur functions to return jurisdiction to the trial court following a direct appeal. OCGA § 5-6-10. The "filing of the remittitur in the clerk's office of the trial court reinvest[s] the trial court with jurisdiction over the case." *Chambers v. State*, 262 Ga. 200, 201 (1) (415 SE2d 643) (1992). "A trial court lacks jurisdiction to enter final judgment in a case prior to receiving the remittitur from the appellate court." *Tavakolian v. Agio Corp.*, 309 Ga. App. 652, 653 (1) (711 SE2d 33) (2011). See also *Chambers*, 262 Ga. at 201–02 (2) (415 SE2d 643) (1992) (until the appellate court "has

issued the remittitur and it has been received *and filed* in the clerk's office of the court below," the trial court lacks jurisdiction over matters related to the order on appeal) (emphasis supplied). "This is true even if the first appeal ultimately is dismissed for lack of jurisdiction." *Styles v. State*, 245 Ga. App. 90, 91 (537 SE2d 377) (2000), abrogated on other grounds by *Islamkhan v. Khan*, 299 Ga. 548, 552 (2) n. 7 (787 SE2d 731) (2016). See also *Rollins v. Rollins*, 300 Ga. 485, 486–87 (1) (796 SE2d 721) (2017).

Here, the trial court entered final judgment in the case before filing the remittitur from this Court. That final judgment is therefore void. See *Rollins*, 300 Ga. at 489 (1). In the absence of a valid final judgment in this case, we lack jurisdiction over this interlocutory appeal for the same reason set forth in our order dismissing Case No. A25A1868. Waste Management's failure to comply with the interlocutory appeal procedure deprives us of jurisdiction to consider this case at this juncture. See OCGA § 5-6-34 (b); *Boyd v. State*, 191 Ga. App. 435, 435 (383 SE2d 906) (1989). This appeal is therefore DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 09/17/2025

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*