# Court of Appeals
# of the State of Georgia

ATLANTA, November 25, 2025

*The Court of Appeals hereby passes the following order:*

**A26E0096. JACKIE PATTON v. STACIE HUMBLE.**

Following a jury trial in this action for breach of contract, ejection, a writ of possession, and other related claims, the trial court entered a final judgment in favor of plaintiff Stacie Humble on November 24, 2025. Among other things, the court's final judgment directed the sheriff to remove defendant Jackie Patton and his belongings from the property at issue "instanter," ordered Patton to leave the property, permanently enjoined him from re-entering the property, and granted Humble a writ of possession "instanter."[1] Patton filed a motion for judgment notwithstanding the verdict, which the trial court denied, also on November 24. According to Patton, he has since filed a timely notice of appeal in the trial court.[2]

Patton has now filed, in this Court, an emergency motion pursuant to Court of Appeals Rule 40(b). In his motion, Patton asks this Court to: (i) grant him a supersedeas pending his appeal to this Court of the trial court's November 24 final judgment; (ii) stay execution of the writ of possession issued pursuant to that judgment; and (iii) enjoin his removal from the property at issue pending his appeal.

---

[1] The trial court awarded Humble no rent or other monetary damages.

[2] While the copy of the notice of appeal Patton has provided to this Court does not contain a file-stamp showing the date and time of filing, his counsel has "certifie[d] in his place that although he has not yet received a file-stamped copy of the Notice of Appeal back from the Clerk, he transmitted the Notice of Appeal to the Clerk for filing via Peachcourt submission on November 25, 2025 at 7:36 a.m. and received confirmation of the submission via email."

Because a supersedeas of the trial court's final judgment automatically follows upon Patton's filing of a notice of appeal and payment of costs, however, no such relief is warranted from this Court at this time. In that vein, OCGA § 5-6-46(a) provides, in relevant part: "In civil cases, the notice of appeal . . . shall serve as supersedeas upon payment of all costs in the trial court by the appellant and it shall not be necessary that a supersedeas bond or other form of security be filed," although bond may subsequently be required upon motion of the appellee. Because we read that provision to be self-executing, a stay of the proceedings by this Court at this time would be superfluous.[3] See, e.g., *Rollins v. Rollins*, 300 Ga. 485, 486 (1) (796 SE2d 721) (2017) ("By filing a notice of appeal from the initial contempt order, [the appellant] triggered an *automatic* supersedeas of that order." (emphasis added)); see also id. at 488 (1) ("The appellate court maintains jurisdiction — and the *automatic* supersedeas remains in effect — until it has filed an order dismissing the appeal (or otherwise disposing of it), the appellate court has issued the remittitur, and the remittitur has been received and filed by the clerk of the trial court." (emphasis added)).

Consequently, Patton's emergency motion is hereby DENIED as unnecessary. Should anyone take any actions to violate or otherwise disturb the OCGA § 5-6-46(a) supersedeas, Patton's remedy is to seek appropriate relief in the trial court, in the first instance, after which he may seek appellate review of any ensuing adverse trial court rulings. See generally *Green Bull Ga. Partners v. Register*, 301 Ga. 472, 473 (801 SE2d 843) (2017) ("Although the appellate courts also have the authority to grant a stay or injunction pending appeal, an application for such relief ordinarily ought to be directed in the first instance to the trial court."); see also generally *9766, LLC v. Dwarf House, Inc.*, 331 Ga. App. 287, 291 (4) (b) (771 SE2d 1) (2015) ("This court is for the correction of errors, and where the trial court has not ruled on an issue, we will not address it." (punctuation and quotation marks omitted)).

---

[3] We assume that, by filing a notice of appeal, Patton also has paid all necessary trial court costs. Of course, he will not be entitled to supersedeas absent compliance with OCGA § 5-6-46(a).

But whether Patton has yet complied with all requirements for filing a notice of appeal, and notwithstanding the trial court's ruling in its final judgment that a writ of possession was to issue "instanter," we emphasize that a writ of possession does not become effective until "the expiration of seven days after the date such judgment was entered, except as otherwise provided in Code Section 44-7-56." OCGA § 44-7-55(a). And under OCGA § 9-11-62(a), "No execution shall issue upon a judgment nor shall proceedings be taken for its enforcement until the expiration of ten days after its entry," with exceptions that do not appear to be relevant here.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,  11/25/2025*

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*