26329. AETNA CASUALTY & SURETY COMPANY et al.
v. BULLINGTON et al.

NICHOLS, Justice. Certiorari was granted in this case to review the decision of the Court of Appeals reversing the judgment of the trial court where a previous appeal from a like judgment in the same case had been dismissed. The superior court originally passed on the appeal from the State Board of Workmen's Compensation on December 3, 1969, and affirmed the award. A notice of appeal was filed by the claimant. When the claimant failed to timely file an enumeration of errors or brief, the appeal was dismissed on March 10, 1970. While the appeal was pending in the Court of Appeals, and again after the remittitur was made the judgment of the trial court, the trial court entered judgments vacating its original judgment and thereafter, on April 27, 1970, issued a second judgment affirming the judgment of the State Board of Workmen's Compensation. This latter judgment was appealed to the Court of Appeals and reversed. The judgment of the trial court rendered while the original appeal was pending in the Court of Appeals (vacating the original judgment) was during the same term of court as the original judgment while the second judgment vacating the original judgment was rendered at a subsequent term of court. *Held:*

1. The filing of a notice of appeal serves to supersede a judgment and while on appeal, the trial court is without authority to modify such judgment. See *Jackson v. Martin,* 225 Ga. 170, 172 (167 SE2d 135), and citations. Accordingly, the judgment attempting to vacate the prior judgment, though rendered during the same term of court, was a nullity, even assuming that the prior judgment could be set aside without any meritorious reason being given therefor. See *Hicks v. Hicks,* 226 Ga. 798 (177 SE2d 690).

2. The effect of the dismissal of the first appeal from an appealable judgment was to affirm the judgment of the trial court there excepted to and the trial court was without authority to vacate or alter such prior judgment which was res judicata between the parties. Compare *Pearle Optical of Monroeville v.*

*State Bd. of Examiners in Optometry,* 219 Ga. 856 (136 SE2d 371), where it was held: "When the remittitur from this court was received by the trial court it was the duty of the court 'in good faith' to carry 'into full effect' the judgment of this court. *Code* § 6-1804. The judgment of affirmance was a final disposition of the case, even if the remittitur was not made the judgment of the trial court. *Harrison v. Harrison,* 208 Ga. 70 (65 SE2d 173). When a final judgment of the trial court is affirmed by this court, and not remanded to the trial court for further proceedings, the controversy is at an end; the rights of the parties, so far as they are involved in the litigation, are conclusively adjudicated. Further proceedings on the case in this court and in the trial court are precluded, and the judgment of the lower court is in full force and effect, precisely the same as if no appeal to this court had been taken. *Pryor v. Pryor,* 164 Ga. 7 (2) (137 SE 567). 'Affirmance of the judgment without condition or direction left the trial court without jurisdiction to entertain or pass on a "special plea" filed after the judgment of affirmance.' *Federal Investment Co. v. Ewing,* 166 Ga. 246 (142 SE 890)." The result is the same whether the appeal is dismissed or affirmed by the appellate court (*Hall v. Huff,* 76 Ga. 337); and Sec. 60 of the Civil Practice Act (Ga. L. 1966, pp. 609, 662; 1967, pp. 226, 239; *Code Ann.* § 81A-160 (h)) does not require a different result. Compare *Wilson v. McQueen,* 224 Ga. 420 (162 SE2d 313), as to necessity of a timely notice of appeal from the final judgment in the case, and the circumstances for extending such time.

The judgment of the Court of Appeals reversing the judgment of the superior court was error.

*Judgment reversed. All the Justices concur.*
ARGUED MARCH 8, 1971—DECIDED APRIL 8, 1971—
REHEARING DENIED APRIL 22, 1971.

*Skinner, Wilson & Beals, Warner R. Wilson, Jr.,* for appellants.
*Mundy, Gammage & Cummings, William W. Mundy, E. Lamar Gammage, Jr.,* for appellees.