# Court of Appeals
# of the State of Georgia

ATLANTA,    August 26, 2013

*The Court of Appeals hereby passes the following order:*

## A13D0502.  LEOPOLD ENWONWU v. WELLS FARGO BANK, N. A.

Leopold Enwonwu's property was sold at foreclosure.  When Enwonwu failed to vacate the property, buyer Wells Fargo filed a dispossessory action against him in magistrate court.  The magistrate court entered a default judgment in favor of Wells Fargo.  Enwonwu appealed to the superior court, which entered an order compelling the payment of rent into the registry of the court pending appeal.  Later, the superior court dismissed the appeal on the ground that no appeal lies from a default judgment in magistrate court.[1]

Enwonwu filed an application for discretionary appeal in this court, seeking review of both superior court orders.  See A13D0186.  We dismissed the application as untimely, and we denied Enwonwu's subsequent motion for reconsideration.  Enwonwu then sought review in the Supreme Court, which denied his certiorari petition.

Next, Enwonwu filed in the superior court a "Motion to Arrest Execution of the Writ of Possession Issued Pursuant to Order to Compel Payment of Rent Into Court Granted by the Honorable Tom Campbell Judge of the Superior Court of Fulton County In Want of Subject Matter Jurisdiction."[2]  The superior court denied that

---

[1] See OCGA § 15-10-41 (a) (2).

[2] Enwonwu has included only the first page of this motion, in violation of this Court's requirement that he "include a copy of any petition or motion which led directly to the order or judgment being appealed."  Court of Appeals Rule 31 (b); see also OCGA § 5-6-35 (c).

motion and entered another writ of possession in favor of Wells Fargo. Enwonwu then filed this application for discretionary appeal. We, however, lack jurisdiction.

Where the questions presented on appeal have become moot, an appeal is subject to dismissal. See OCGA § 5-6-48 (b) (3). "An appeal becomes moot if the rights insisted upon could not be enforced by a judicial determination." *Randolph County v. Johnson*, 282 Ga. 160 (1) (646 SE2d 261) (2007). The effect of our dismissal of Enwonwu's previous discretionary application was to affirm the judgment of the superior court. See *Aetna Casualty & Surety Co. v. Bullington*, 227 Ga. 485 (2) (181 SE2d 495) (1971). "When a final judgment of the trial court is affirmed by this court . . . the controversy is at an end; the rights of the parties, so far as they are involved in the litigation, are conclusively adjudicated." Id. Accordingly, Enwonwu no longer has any right with respect to the underlying dispossessory action that may be enforced by appellate review of the superior court's order. This application is hereby DISMISSED as moot.



Court of Appeals of the State of Georgia
   Clerk's Office, Atlanta, 08/26/2013
   *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
   *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

 , *Clerk.*