## S13A0793. MASSEY v. MASSEY.
(751 SE2d 330)

NAHMIAS, Justice.

This case involves the trial court's ongoing attempts to compel appellant Ronald Massey (Husband) to comply with the terms of the parties' 2005 divorce decree and a series of later contempt orders obtained by appellee Angela Massey (Wife). In this appeal, Husband challenges the last two contempt orders, which the trial court issued on June 27 and October 16, 2012. Husband's claims regarding the June 27 contempt order are barred by the dismissal of his previous appeal from that order. However, Husband is correct that the trial court lacked jurisdiction to enter the October 16 contempt order because his previous appeal was still pending in this Court on that date. We therefore dismiss Husband's attempted second appeal of the June 27 contempt order and vacate the October 16 contempt order.

1. The parties were divorced in October 2005, and the divorce decree ordered Husband to pay monthly child support of $850 plus half of the children's medical expenses not covered by insurance. The decree also ordered that the marital residence be placed on the market immediately, required Husband to make the monthly mortgage payments, and awarded Wife the equity in the house.

After Husband failed to make mortgage payments and the house was sold by foreclosure, Wife filed a motion for contempt, which the trial court granted in February 2008. That order is not in the record, but the parties agree that it required Husband to pay Wife $50,600 for her lost equity in the marital residence and ordered Husband incarcerated. The parties further agree that the trial court later amended the contempt order to authorize Husband's release on payment of $5,000 to Wife followed by monthly payments of $500 until the balance on the home equity obligation was satisfied; Husband made the initial $5,000 payment and was released.

In October 2011, Wife filed a second motion for contempt, and in February 2012 and again in April 2012, the trial court adjudicated Husband in contempt of the 2005 divorce decree and the 2008 contempt order. The February and April 2012 contempt orders established purge conditions but did not direct that Husband be fined or incarcerated until he complied.

On June 27, 2012, after an evidentiary hearing, the trial court entered a "Modified Contempt Order." The court found that Husband remained in arrears on his financial obligations to Wife under the divorce decree and the previous contempt orders and held Husband in contempt again. The court ordered Husband to be incarcerated in the Newton County Jail until he paid Wife $1,500 for recently missed home equity payments, $1,755 in attorney fees awarded in a prior

contempt order, and an additional $500 in attorney fees. As an additional purge condition, the court ordered Husband, on his release from incarceration, to report immediately to the Newton County Work Release program and to construct an outbuilding on Wife's property by September 1. Husband immediately filed a notice of appeal directed to the Court of Appeals and a motion for supersedeas; the trial court granted Husband's supersedeas motion and ordered his release from jail. On August 22, the Court of Appeals properly transferred Husband's appeal of the June 27 order to this Court.

On October 1, 2012, this Court entered an order dismissing Husband's appeal of the June 27 contempt order for failure to follow the discretionary appeal procedures. See Case No. S12A2074. Before issuing the remittitur, however, we allowed Husband time to file a motion for reconsideration. See Supreme Court Rules 27 and 60 (2). On October 4, the trial court scheduled a hearing in the case for October 15. The record contains no transcript or other information about that hearing, but on October 16, the trial court entered a "Contempt and Incarceration Order" that said summarily: "The Court finds [Husband] is in willful contempt of this Court's order. Therefore it is ordered and adjudged that [Husband] shall remain in custody until he purges his contempt."

Husband did not seek reconsideration of this Court's dismissal order, so on October 16, our Clerk mailed to the trial court the remittitur with our order dismissing Husband's appeal of the June 27 contempt order. On October 18, the trial court, having received the remittitur, filed it.

On October 30, 2012, Husband filed a motion for supersedeas of the October 16 contempt order. Later the same day, the trial court granted the motion and ordered Husband's release from jail. Also on October 30, Husband filed in this Court an application for discretionary appeal, which we granted on November 28. On December 6, 2012, Husband filed his notice of appeal, enumerating errors with regard to both the June 27 and October 16 contempt orders.

2. Husband seeks reversal of the June 27, 2012 contempt order on the grounds that it was entered without adequate notice and the sanctions imposed exceeded the trial court's authority. Husband is barred, however, from challenging that order in this appeal.

When the trial court entered the June 27 contempt order, Husband had the right to seek immediate appellate review; that is, he was not required to request a certificate of intermediate review from the trial court under OCGA § 5-6-34 (b). See OCGA § 5-6-34 (a) (2) (making "[a]ll judgments involving applications for discharge in . . . contempt cases" immediately appealable); *Ramsey v. Ramsey*, 231 Ga. 334, 337 (201 SE2d 429) (1973) (construing this language to

"authorize the appeal of a trial court judgment adjudicating contempt without first making an application for discharge"). And Husband quickly exercised that right. In doing so, however, he made a fatal procedural error: he filed a notice of appeal but never filed the application for discretionary appeal that is required to appeal "judgments or orders in divorce, alimony, and other domestic relations cases including, but not limited to, . . . holding or declining to hold persons in contempt." OCGA § 5-6-35 (a) (2). See *Avren v. Garten*, 289 Ga. 186, 192 (710 SE2d 130) (2011) ("Where both OCGA § 5-6-34 (a) and § 5-6-35 (a) are involved, an application for appeal is required when 'the underlying subject matter' of the appeal is listed in OCGA § 5-6-35 (a) . . . ." (citation omitted)); *Russo v. Manning*, 252 Ga. 155, 156 (312 SE2d 319) (1984) ("A judgment of contempt regarding a domestic relations decree is appealable only by application for discretionary appeal."). Thus, when Husband's appeal of the June 27 order arrived at this Court, we dismissed the appeal for failure to file an application to appeal. See *Russo*, 252 Ga. at 156.

Where a party "puts the machinery of immediate appellate review . . . into motion, yet commits a procedural default fatal to his appeal," that party "is foreclosed from thereafter resubmitting the matter for review on appeal." *Mitchell v. Oliver*, 254 Ga. 112, 114 (327 SE2d 216) (1985). This rule is sometimes framed in terms of res judicata or law of the case, but "the appellate issue is more fundamental; a party is not entitled to a second appeal from a single order." *Houston County v. Harrell*, 287 Ga. 162, 163 (695 SE2d 29) (2010). The rule applies when the party's first opportunity to appeal was through the discretionary application process rather than a notice of appeal. See *Norris v. Norris*, 281 Ga. 566, 567-568 (642 SE2d 34) (2007). And the rule that a litigant does not get two tries to appeal the same order is not overcome by OCGA § 5-6-34 (d), which says that where an appeal is properly taken, "all judgments, rulings, or orders rendered in the case which are raised on appeal and which may affect the proceedings below shall be reviewed and determined by the appellate court," without regard to whether the prior rulings standing alone were subject to appeal. See *Gilchrist v. Gilchrist*, 323 Ga. App. 555 (747 SE2d 75) (2013). See also *In the Interest of I. S.*, 278 Ga. 859, 860-861 (607 SE2d 546) (2005) (holding that, notwithstanding OCGA § 5-6-34 (d), "[p]arties are foreclosed from subsequently challenging the conclusive effect of a deprivation order . . . when the order has been reviewed on appeal and the challenged portion of the order either was or could have been considered by the appellate court"). Accordingly, we dismiss Husband's current appeal to the extent that it challenges the previously appealed June 27 contempt order.

3. Husband contends that the trial court lacked jurisdiction to enter the October 16, 2012 contempt order. We agree.

Husband's notice of appeal from the June 27 contempt order acted as a supersedeas of that order. See OCGA § 5-6-46 (a) ("In civil cases, the notice of appeal . . . shall serve as supersedeas . . . .").[1] At that point, the trial court was deprived of " 'the power to affect the judgment appealed,' " *Upton v. Jones*, 280 Ga. 895, 896 (635 SE2d 112) (2006) (citation omitted), including the power to hold Husband in contempt for violating the order being appealed. See *Berman v. Berman*, 231 Ga. 727, 728 (204 SE2d 125) (1974); *Tyree v. Jackson*, 226 Ga. 642, 642-643 (177 SE2d 159) (1970).

Although this Court filed an order dismissing Husband's appeal of the June 27 contempt order on October 1, 2012, an appellate court maintains jurisdiction over a case until it "has issued the remittitur and [the remittitur] has been received and filed in the clerk's office of the court below." *Chambers v. State*, 262 Ga. 200, 201-202 (415 SE2d 643) (1992). Only then does the trial court regain jurisdiction to take further action with respect to the judgment appealed. See id. at 202. Thus, this Court maintained jurisdiction over the June 27 contempt order — and the supersedeas of that order remained in effect — until October 18, 2012, the day that the remittitur was filed in the trial court. Consequently, the trial court lacked jurisdiction on October 16 to enter an order holding Husband in contempt, and we must vacate the October 16 contempt order for that reason.

*Judgment vacated in part and appeal dismissed in part. All the Justices concur.*

DECIDED NOVEMBER 18, 2013.

*Fred R. White*, for appellant.
*Ballard, Stephenson & Waters, William M. Waters*, for appellee.

---

[1] Had Husband properly filed an application for discretionary appeal, that also would have acted as a supersedeas. See OCGA § 5-6-35 (h) ("The filing of an application for appeal shall act as a supersedeas to the extent that a notice of appeal acts as supersedeas."). See also OCGA § 5-6-13 (a) (requiring trial courts with contempt power to grant a supersedeas "upon application and compliance with the provisions of law as to appeal and certiorari, where the person also submits, within the time prescribed by law, written notice that he intends to seek review of the conviction or adjudication of contempt.").