# Court of Appeals
# of the State of Georgia

ATLANTA,   February 11, 2016

*The Court of Appeals hereby passes the following order:*

## A16D0240.  JIM LINZELL JACKSON SR. v. LEHRER MCGOVERN BOVIS INC. et al.

Jim Jackson, Sr. filed a civil action against Lehrer McGovern Bovis, Inc.  On June 19, 2001, the trial court granted the defendant's motion to dismiss.  Jackson has filed an application for discretionary appeal from this order.  We lack jurisdiction for two reasons.

First, Jackson's application, which he filed more than 14 years after entry of the order he seeks to appeal, is untimely.  An application for discretionary appeal must be filed within 30 days of entry of the order or judgment to be appealed.  OCGA § 5-6-35 (d).  The requirements of OCGA § 5-6-35 are jurisdictional, and this Court cannot accept an application for appeal not made in compliance therewith.  *Boyle v. State*, 190 Ga. App. 734 (380 SE2d 57) (1989).

Second, Jackson has filed two prior direct appeals from this order.  We affirmed the trial court's ruling in Jackson's first appeal and dismissed his second appeal as untimely and as barred by the prior appeal.  See *Jackson v. Lehrer McGovern Bovis, Inc.*, No. A03A2094 (Dec. 16, 2003); *Jackson v. Lehrer McGovern Bovis, Inc.*, No. A12A2311 (Aug. 15, 2012).  Jackson is not entitled to file yet another appeal in the same civil matter.  "It is axiomatic that the same issue cannot be relitigated *ad infinitum*."  *Echols v. State*, 243 Ga. App. 775, 776 (534 SE2d 464) (2000); see also *Massey v. Massey*, 294 Ga. 163, 165 (2) (751 SE2d 330) (2013) ("[A] a party is not entitled to a second appeal from a single order." (punctuation omitted)).  "Our determination in the earlier appeal is *res judicata*; the instant appeal is therefore barred, and we are without jurisdiction to review the same matter for a second time."

*Echols*, supra at 776.  For these reasons, Jackson's application for discretionary appeal is hereby DISMISSED for lack of jurisdiction.

This Court is empowered to impose sanctions upon a party who files frivolous applications or notices of appeal.  See Court of Appeals Rule 15 (b).  Given the extreme untimeliness of this application and its duplicative nature, we find it to be frivolous.  We caution Jackson that any future frivolous filings in this Court may result in the imposition of sanctions.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,*_____02/11/2016_____
    *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*