# Court of Appeals
# of the State of Georgia

ATLANTA,  February 25, 2019

*The Court of Appeals hereby passes the following order:*

## A19A1337. MICHAEL ANTONIO HICKMAN v. COURT OF APPEALS OF GEORGIA.

Michael Antonio Hickman filed this original mandamus petition, seeking to compel this Court to permit an appeal in his criminal case. For reasons that follow, mandamus is not an appropriate remedy.

The relevant facts show that, in 2010, Hickman was sentenced to twenty years' imprisonment for aggravated assault, with a consecutive five year sentence for criminal attempt to commit hijacking of a motor vehicle. In August 2016, Hickman filed a motion to vacate a void sentence. On June 20, 2018, the trial court entered an order denying "Defendant's Motion to Vacate Void Judgment for Want of Jurisdiction of the Court and Imposing Punishment Beyond that Allowed by Law." Hickman filed a timely notice of appeal. On September 14, 2018, this Court dismissed the direct appeal on the basis that Hickman had failed to raise a colorable void sentence claim. See Case No. A19A0061.

In November 2018, Hickman wrote a letter to this Court asserting that the trial court's June 2018 order pertained to a motion that had been filed in June 2018. Hickman suggested that either the trial court failed to include his motion with the record or that this Court erroneously considered the wrong motion. Because remittitur had already issued, this Court was divested of jurisdiction, and the letter was returned to Hickman.

Hickman then filed an emergency motion in this Court, demanding that he be permitted an appeal. Again, Hickman's filing was returned to him on the basis that this Court no longer has jurisdiction over the appeal.

Hickman has now filed this mandamus action, arguing that he was deprived of his right of appeal. Hickman seeks to compel this Court to permit an appeal from the

denial of his motion to vacate a void judgment.

An appellate court has limited original mandamus authority in aid of its jurisdiction. See Ga. Const. of 1983, Art. VI, Sec. I, Par. IV. Mandamus will issue "only if (1) no other adequate legal remedy is available to effectuate the relief sought; and (2) the applicant has a clear legal right to such relief." *Bibb County v. Monroe County*, 294 Ga. 730, 734 (2) (755 SE2d 760) (2014). This is not such a case.

To the extent there was any error in the dismissal of the direct appeal, Hickman had a legal remedy.[1] Pursuant to Court of Appeals Rule 37, a party may seek reconsideration in this Court if the party believes this Court has erred in its handling of an appeal. A motion for reconsideration must be filed within 10 days of dismissal. See Court of Appeals Rule 37 (b). Had Hickman filed a timely motion for reconsideration, this Court could have vacated the dismissal order and remanded the case to the trial court for completion of the record. Hickman did not do so, and the case was remitted to the trial court, divesting this Court of jurisdiction. See *Massey v. Massey*, 294 Ga. 163, 166 (3) (751 SE2d 330) (2013) ("[A]n appellate court maintains jurisdiction over a case until it "has issued the remittitur and the remittitur has been received and filed in the clerk's office of the court below.") (punctuation omitted).

For this reason, Hickman is not entitled to mandamus relief, and this petition is hereby DISMISSED.



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta,___02/25/2019_____
I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.
Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____, Clerk.

---

[1] Contrary to Hickman's suggestion, this Court did not overlook the relevant motion. The record transmitted in Case No. A19A0061 contains no motion filed in June 2018. Thus, if such motion exists, it was not transmitted.