# Court of Appeals
# of the State of Georgia

ATLANTA,  June 13, 2019

*The Court of Appeals hereby passes the following order:*

## A19A2081. NINA MATTHEWS v. MERBAUM LAW GROUP, PC.

Merbaum Law Group, PC ("Merbaum") filed an action for breach of contract against its former client Nina Matthews for unpaid legal services. Merbaum later moved for summary judgment, and the trial court granted the motion and entered a final judgment on August 4, 2017. Matthews filed a timely pro se appeal, and this Court affirmed the judgment of the trial court in an unpublished opinion. See *Matthews v. Merbaum Law Group, PC* (Case No. A18A0545, decided June 19, 2018). Following the remittitur, on March 27, 2019, the superior court ordered that the "Judgment of the Court of Appeals be made the judgment of" the superior court. Matthews then filed a timely pro se notice of appeal from the March order, again seeking review of the August 2017 final judgment affirmed by this Court in Case No. A18A0545. She also seeks review of trial court orders entered between April 2018 and February 2019, ruling on her various motions filed after the August 2017 final judgment. We dismiss Matthews' appeal for three reasons.

First, Matthews may not appeal from the trial court's March 27, 2019 judgment on remittitur. The superior court did not make any ruling in that judgment. It merely made the decision of this Court a part of the record below.

Second, Matthews is not entitled to file a second appeal in the same civil matter. "It is axiomatic that the same issue cannot be relitigated *ad infinitum*." (Emphasis in original.) *Echols v. State*, 243 Ga. App. 775, 776 (534 SE2d 464) (2000); see also *Massey v. Massey*, 294 Ga. 163, 165 (2) (751 SE2d 330) (2013) ("[A] a party is not entitled to a second appeal from a single order." (citation and punctuation omitted)).

"Our determination in the earlier appeal is *res judicata*; the instant appeal is therefore barred, and we are without jurisdiction to review the same matter for a second time." *Echols*, supra at 776. To the extent Matthews wished to challenge our decision in Case No. A18A0545, she has done so by filing of a motion for reconsideration in this Court and a petition for certiorari in the Georgia Supreme Court, both of which have been denied.

Third, Matthews' notice of appeal is untimely as to the remaining orders from which she seeks review. The notice of appeal was filed on April 26, 2019, 72 days after entry of the most recent order - the trial court's February 13, 2019 denial of Matthews' motion to recuse the trial judge. A notice of appeal must be filed within 30 days of entry of the order sought to be appealed. OCGA § 5-6-38 (a). The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction on this Court. *Rowland v. State*, 264 Ga. 872, 872 (1) (452 SE2d 756) (1995).

For these reasons, we lack jurisdiction to consider this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 06/13/2019
      *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
      *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*