# Court of Appeals
# of the State of Georgia

ATLANTA,  April 02, 2020

*The Court of Appeals hereby passes the following order:*

**A20A1579. MICHAEL ANTONIO HICKMAN v. THE STATE.**

Following a bench trial in 2010, the Superior Court of Catoosa County found Michael Antonio Hickman guilty beyond a reasonable doubt of committing aggravated assault with a deadly weapon and attempting to commit hijacking of a motor vehicle. We affirmed his convictions on appeal. *Hickman v. State*, 311 Ga. App. 544 (716 SE2d 597) (2011). In August 2016, Hickman filed a motion to vacate a void sentence. The trial court denied the motion on June 20, 2018, and Hickman appealed. We dismissed the appeal, concluding that Hickman was not entitled to a direct appeal because he had not raised a colorable claim that his sentences were void. *Hickman v. State*, Case No. A19A0061 (dismissed Sept. 14, 2018). Hickman then filed a mandamus action in this Court, arguing he was denied his right to appeal the denial of his motion to vacate. We dismissed the mandamus action, concluding Hickman was not entitled to mandamus relief. *Hickman v. Court of Appeals of Ga.*, Case No. A19A1337 (dismissed Feb. 25, 2019).

On December 6, 2019, Hickman filed a pro se OCGA § 9-11-60 (d) motion to set aside the trial court's June 20, 2018 order denying his motion to vacate a void sentence. The trial court denied this motion on January 2, 2020. Hickman then filed a motion for reconsideration, which the trial court denied on February 24, 2020. On March 13, 2020, Hickman filed a notice of appeal from the court's February 24, 2020 order. Pretermitting whether Hickman's motion to set aside under OCGA § 9-11-60 (d) was a proper motion given well-settled law that "a motion to set aside a judgment is inappropriate in a criminal case," see *Lacey v. State*, 253 Ga. 711, 711 (324 SE2d 471) (1985), we lack jurisdiction for two reasons.

First, even if the trial court's January 2, 2020 order would have been directly appealable and not subject to the discretionary appeal procedures required to appeal orders denying motions to set aside under OCGA § 9-11-60 (d), see OCGA § 5-6-35 (a) (8), under OCGA § 5-6-38 (a), a notice of appeal must be filed within 30 days of an appealable judgment. The proper and timely filing of a notice of appeal is an absolute requirement to confer appellate jurisdiction on this Court. *Rowland v. State*, 264 Ga. 872, 872 (1) (452 SE2d 756) (1995). Here, Hickman filed his notice of appeal 71 days after entry of the trial court's order denying his motion to set aside. Although Hickman filed a motion for reconsideration of that order, the filing of a motion for reconsideration does not extend the time for filing a notice of appeal, and the denial of a motion for reconsideration is not itself a directly appealable judgment. *State v. White*, 282 Ga. 859, 860 (1) (655 SE2d 575) (2008); *Bell v. Cohran*, 244 Ga. App. 510, 511 (536 SE2d 187) (2000).

Second, "[i]t is axiomatic that the same issue cannot be relitigated ad infinitum." *Echols v. State*, 243 Ga. App. 775, 776 (534 SE2d 464) (2000) (emphasis in original); see also *Massey v. Massey*, 294 Ga. 163, 165 (2) (751 SE2d 330) (2013) ("a party is not entitled to a second appeal from a single order") (citation and punctuation omitted). Hickman has already filed an appeal from the trial court's June 20, 2018 order. See Case No. A19A0061. "Our determination in the earlier appeal is *res judicata*; the instant appeal is therefore barred, and we are without jurisdiction to review the same matter for a second time." *Echols*, 243 Ga. App. at 776.

Based on the foregoing, we lack jurisdiction over this direct appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 04/02/2020

 *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*

 *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

*Stephen E. Castlen* , *Clerk.*