# Court of Appeals
# of the State of Georgia

ATLANTA,  September 06, 2023

*The Court of Appeals hereby passes the following order:*

**A23A1502. DAVENPORT v. THE STATE.**

Gregory Davenport entered guilty pleas to multiple crimes and was sentenced. After habeas proceedings, the trial court entered a resentencing order, from which Davenport appealed. On April 24, 2023, we vacated the resentencing order in an unpublished opinion and remanded the case to the trial court with direction. *Davenport v. State*, __ Ga. App. __ (Case No. A23A0133, decided Apr. 24, 2023). On April 27, 2023, before we had issued a remittitur, the trial court entered a new resentencing order.

Davenport again appeals. Both he and the state correctly assert that the trial court lacked jurisdiction to enter the April 27, 2023 order. An appellate court maintains jurisdiction over a case until it has issued the remittitur and the remittitur has been received and filed in the clerk's office of the court below. See *Seals v. State*, 311 Ga. 739, 740 n. 2 (860 SE2d 419) (2021); *Massey v. Massey*, 294 Ga. 163, 166 (3) (751 SE2d 330) (2013). Because we had not yet issued a remittitur, the trial court lacked jurisdiction on April 27, 2023 to enter the order that is now on appeal.

So we must vacate the order on appeal and the appeal is hereby dismissed. See *Ricks v. State*, 303 Ga. 567, 568 & n. 1 (814 SE2d 318) (2018); *Massey*, 294 Ga. at 166 (3). Once the trial court has received and filed the remittitur and regained jurisdiction, he may either reenter the order and enter a final judgment or take any other action he deems proper.



*Court of Appeals of the State of Georgia*

Clerk's Office, Atlanta,___09/06/2023_____

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

_Stephen E. Castlen_____, Clerk.