# Court of Appeals
# of the State of Georgia

ATLANTA,  July 31, 2024

*The Court of Appeals hereby passes the following order:*

**A24D0409. TAMEKA M. SEASE et al. v. U.S. BANK TRUST NATIONAL ASSOCIATION et al.**

This case originated as a dispossessory proceeding in magistrate court. Following one or more adverse rulings, the defendants filed two petitions for review in superior court. In October 2023, the superior court entered a single order dismissing both cases for lack of jurisdiction. The defendants then filed two notices of appeal from the superior court's judgment. In January 2024, the superior court dismissed the defendants' appeals based on their failure to pay costs.  The defendants thereafter filed a notice of appeal from the trial court's January 2024 order. In June 2024, we dismissed that appeal due to the defendants' failure to timely file a brief and enumeration of errors. *Sease v. U.S. Bank Trust Nat. Assn.*, Case No. A24A1567 (June 26, 2024).

In July 2024, the superior court entered an "Order on Dismissal of Appeal," in which it acknowledged our dismissal of the appeal in Case No. A24A1567, directed the superior court clerk to close the case, and observed that our dismissal order effectively returned jurisdiction to the magistrate court. The defendants then filed this application for discretionary review.

It is axiomatic that an appeal will not lie from a superior court order that, in effect, does no more than simply enter an order of this Court as an order of the superior court following a prior appeal. In this situation, there is no new superior court ruling to appeal, and the defendants' application essentially seeks an impermissible second appeal of the superior court order at issue in Case No. A24A1567. See *Massey*

*v. Massey*, 294 Ga. 163, 165 (2) (751 SE2d 330) (2013) ("Where a party puts the machinery of immediate appellate review into motion, yet commits a procedural default fatal to his appeal, that party is foreclosed from thereafter resubmitting the matter for review on appeal. This rule is sometimes framed in terms of res judicata or law of the case, but the appellate issue is more fundamental; a party is not entitled to a second appeal from a single order.") (citations and punctuation omitted); *Aetna Cas. & Sur. Co. v. Bullington*, 227 Ga. 485, 485-486 (2) (181 SE2d 495) (1971) ("The effect of the dismissal of the first appeal from an appealable judgment was to affirm the judgment of the trial court there excepted to . . . which was res judicata between the parties."); see also generally *Jackson v. State*, 273 Ga. 320, 320 (540 SE2d 612) (2001) (a party "is not entitled to another bite at the apple by way of a second appeal"); *Echols v. State*, 243 Ga. App. 775, 776 (534 SE2d 464) (2000) ("It is axiomatic that the same issue cannot be relitigated *ad infinitum*.") (citation and punctuation omitted). Consequently, this application is hereby DISMISSED for lack of jurisdiction.

This Court is empowered to impose sanctions upon parties and counsel who file frivolous direct appeals and applications to appeal. See Court of Appeals Rule 7 (e) (2). For the reasons stated above, we find this application to be frivolous. We caution the defendants and their counsel, Clifford E. Hardwick, IV, that any future frivolous filings in this Court may result in the imposition of sanctions.



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta,___07/31/2024_____

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____ , Clerk.