# Court of Appeals
# of the State of Georgia

ATLANTA,  November 05, 2024

*The Court of Appeals hereby passes the following order:*

## A25D0095. SHERRI BARNES f/k/a SHERRI BARNES WEISKE v. DAVID CHARLES WEISKE.

In this domestic relations proceeding, the trial court entered an order in July 2022 granting defendant David Weiske's motion to set aside a prior contempt order. Plaintiff Sherri Barnes filed a motion for reconsideration, which the trial court denied in 2023. Barnes then filed a direct appeal, which we dismissed due to her failure to comply with the discretionary review procedures. *Barnes v. Weiske*, Case No. A24A0589 (Dec. 22, 2023); see OCGA § 5-6-35 (a) (2), (b). The Supreme Court of Georgia thereafter denied Barnes's petition for a writ of certiorari. *Barnes v. Weiske*, Case No. S24C0668 (June 11, 2024). After the Supreme Court's remittitur issued, the trial court entered a "Final Order," finding that no pending motions or other issues remained to be resolved in the case and directing the trial court clerk to close the file. Barnes then filed this application for discretionary review of the trial court's "Final Order."[1] We lack jurisdiction.

---

[1] The trial court's "Final Order" was entered on August 30, 2024, and Barnes filed this application on October 15, 2024, beyond the 30-day deadline for filing discretionary applications. See OCGA § 5-6-35 (d). With her application, Barnes's counsel filed a certificate averring that the effects of tropical cyclone Helene prevented compliance with the deadline, in accordance with the Supreme Court of Georgia Chief Justice's September 30, 2024 order declaring a judicial emergency. Because we dismiss this application for reasons unrelated to its timeliness, we express no opinion on whether Barnes's counsel's certificate sufficiently complied with the judicial emergency order.

It is axiomatic that an appeal will not lie from a trial court order that, in effect, does no more than simply enter an order of an appellate court as an order of the trial court following a prior appeal. In this situation, there is no new trial court ruling to appeal, and Barnes's application essentially seeks an impermissible second appeal of the trial court order at issue in Case Nos. A24A0589 and S24C0668. See *Massey v. Massey*, 294 Ga. 163, 165 (2) (751 SE2d 330) (2013) ("Where a party puts the machinery of immediate appellate review into motion, yet commits a procedural default fatal to his appeal, that party is foreclosed from thereafter resubmitting the matter for review on appeal. This rule is sometimes framed in terms of res judicata or law of the case, but the appellate issue is more fundamental; a party is not entitled to a second appeal from a single order.") (citations and punctuation omitted); *Aetna Cas. & Sur. Co. v. Bullington*, 227 Ga. 485, 485 (2) (181 SE2d 495) (1971) ("The effect of the dismissal of the first appeal from an appealable judgment was to affirm the judgment of the trial court there excepted to . . . which was res judicata between the parties."); see also generally *Jackson v. State*, 273 Ga. 320, 320 (540 SE2d 612) (2001) (a party "is not entitled to another bite at the apple by way of a second appeal"); *Echols v. State*, 243 Ga. App. 775, 776 (534 SE2d 464) (2000) ("It is axiomatic that the same issue cannot be relitigated *ad infinitum*.") (citation and punctuation omitted). Consequently, there is nothing for this Court to review in this application, which is hereby DISMISSED for lack of jurisdiction.



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta,___11/05/2024_____

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____, Clerk.