# Court of Appeals of the State of Georgia

ATLANTA,  March 03, 2025

*The Court of Appeals hereby passes the following order:*

## A25D0255. DANNY RAY DUNN v. CARYN ALISSA DUNN.

Danny Ray Dunn and Caryn Alissa Dunn divorced in 2020. Since then, Danny has filed multiple appeals with this Court. See *Dunn v. Dunn*, 363 Ga. App. 132 (871 SE2d 30) (2022) (reversing trial court's entry of contempt and protective orders); *Dunn v. Dunn*, 368 Ga. App. 161 (889 SE2d 352) (2023) (affirming in part and vacating in part the parties' divorce decree, and remanding case with direction). In 2024, Danny filed a new action for modification of child custody in the trial court. Caryn filed a motion to compel discovery, which the trial court granted on December 5, 2024. On January 9, 2025, the trial court entered an order finding Danny in contempt for failure to comply with the terms of the discovery order. Danny filed a direct appeal from the contempt order, which this Court dismissed.[1] On February 11, 2025, the same day that we dismissed his direct appeal, Danny filed this application, seeking to appeal the trial court's January 9 contempt order and December 5 discovery order. We, however, lack jurisdiction.

First, Danny is not entitled to a second appeal of the same order. See *Massey v. Massey*, 294 Ga. 163, 165 (2) (751 SE2d 330) (2013) ("Where a party puts the machinery of immediate appellate review into motion, yet commits a procedural default fatal to his appeal, that party is foreclosed from thereafter resubmitting the

---

[1] See *Dunn v. Dunn*, Case No. A25A1061 (Feb. 11, 2025) (finding that Danny was required to file an application for discretionary appeal under OCGA § 5-6-35 (a) (2).

matter for review on appeal. This rule is sometimes framed in terms of res judicata or law of the case, but the appellate issue is more fundamental; a party is not entitled to a second appeal from a single order.") (citations and punctuation omitted); *Aetna Cas. & Sur. Co. v. Bullington*, 227 Ga. 485, 485-486 (2) (181 SE2d 495) (1971) ("The effect of the dismissal of the first appeal from an appealable judgment was to affirm the judgment of the trial court there excepted to . . . which was res judicata between the parties."); see also *Jackson v. State*, 273 Ga. 320, 320 (540 SE2d 612) (2001) (a party "is not entitled to another bite at the apple by way of a second appeal.").

Second, an application for discretionary appeal must be filed within 30 days of entry of the order sought to be appealed. OCGA § 5-6-35 (d). The requirements of OCGA § 5-6-35 are jurisdictional, and this Court cannot accept an application for appeal not made in compliance therewith. *Boyle v. State*, 190 Ga. App. 734, 734 (380 SE2d 57) (1989). Here, Danny's application was filed 33 days after entry of the January 9 contempt order and more than two months after the December 5 order. As such, it is untimely.[2] Accordingly, we lack jurisdiction to consider this application for discretionary appeal, which is hereby DISMISSED.

Caryn has filed a motion for sanctions. Although the motion for sanctions is hereby DENIED, we note that this dismissal, as well as our prior dismissals of Danny's applications for discretionary appeal[3] should alert him that any abuse of the

---

[2] Danny has included in his application materials an emergency order from the Dade County Superior Court declaring an emergency for severe weather on Friday, January 10, 2025. This Dade County order does not alter this Court's analysis. In order to appeal the January 9 order, Danny was required to file an application in this Court by Monday, February 10, 2025. This Court was open and accepting filings on February 10.

[3] See *Dunn v. Dunn*, Case No. A24D0325 (May 10, 2024) (dismissal for failure to comply with the OCGA § 5-6-35 application deadline); see also *Dunn v. Dunn*, Case No. A25D0186 (Jan. 13, 2025) (dismissal for failure to obtain superior court ruling).

appellate process may subject him to sanctions in the future. See Court of Appeals Rule 7 (e) (2).



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta,  03/03/2025*

      *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

      *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*