# Court of Appeals of the State of Georgia

ATLANTA,  March 04, 2025

*The Court of Appeals hereby passes the following order:*

## A25D0256. SAADIQ A. YARBROUGH v. ANDREA D. WARE.

On November 20, 2024, this Court dismissed Saadiq A. Yarbrough's direct appeal in this divorce case for failure to follow the discretionary appeals procedure. See Case No. A25A0720. The remittitur issued on December 6, 2024, and the trial court entered its judgment on remittitur on December 11, 2024. Yarbrough filed a motion for certificate of immediate review on December 19, 2024, which the trial court denied on January 7, 2025, in its "Order to Close File." Yarbrough filed a direct appeal from the trial court's order, which we dismissed. See Case No. A25A1006 (Jan. 23, 2025). On February 12, 2025, Yarbrough filed the instant application for discretionary review of the same orders he sought to challenge in his direct appeals. Once again, we lack jurisdiction.

Pretermitting whether Yarbrough's latest challenge to the trial court's orders are barred by res judicata or the law of the case doctrine,[1] his application is untimely. An application must be filed within 30 days of entry of the order sought to be appealed. OCGA § 5-6-35 (d). The requirements of OCGA § 5-6-35 are jurisdictional,

---

[1] See *Aetna Cas. & Sur. Co. v. Bullington*, 227 Ga. 485, 485 (2) (181 SE2d 495) (1971) ("The effect of the dismissal of the first appeal from an appealable judgment was to affirm the judgment of the trial court there excepted to . . . which was res judicata between the parties."); see also generally *Jackson v. State*, 273 Ga. 320, 320 (540 SE2d 612) (2001) (a party "is not entitled to another bite at the apple by way of a second appeal"); *Echols v. State*, 243 Ga. App. 775, 776 (534 SE2d 464) (2000) ("It is axiomatic that the same issue cannot be relitigated ad infinitum.") (citation and punctuation omitted).

and this Court cannot accept an application for appeal not made in compliance therewith. *Boyle v. State*, 190 Ga. App. 734, 734 (380 SE2d 57) (1989). Here, Yarbrough's application was filed 36 days after entry of the latest order he seeks to appeal. Accordingly, this untimely application for discretionary appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 03/04/2025

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*