# Court of Appeals
# of the State of Georgia

ATLANTA, May 02, 2025

*The Court of Appeals hereby passes the following order:*

### A25D0364. DARRYL WALTERS v. GEORGIA DEPARTMENT OF HUMAN SERVICES.

In this domestic relations case, the trial court entered a final order establishing Darryl Walters's paternity of three minor children and ordering him to pay child support. Walters filed assorted post-judgment motions challenging the trial court's ruling, which the trial court denied and dismissed on February 6, 2025. On February 12, 2025, Walters filed a motion for reconsideration and a notice of appeal in the trial court. On April 8, 2025, this Court dismissed Walters's direct appeal because he failed to follow the discretionary review procedures. See Case No. A25A1485. On April 23, 2025, Walters filed this application for discretionary appeal, seeking review of the same February 6, 2025 trial court order. Once again, we lack jurisdiction.

Pretermitting whether Walters's latest challenge to the trial court's order is barred by res judicata or the law of the case doctrine,[1] his application is untimely. An application for discretionary appeal must be filed within 30 days of entry of the order sought to be appealed. OCGA § 5-6-35 (d). The requirements of OCGA § 5-6-35 are

---

[1] See *Aetna Cas. & Sur. Co. v. Bullington*, 227 Ga. 485, 485 (2) (181 SE2d 495) (1971) ("The effect of the dismissal of the first appeal from an appealable judgment was to affirm the judgment of the trial court there excepted to . . . which was res judicata between the parties."); see also generally *Jackson v. State*, 273 Ga. 320, 320 (540 SE2d 612) (2001) (a party "is not entitled to another bite at the apple by way of a second appeal"); *Echols v. State*, 243 Ga. App. 775, 776 (534 SE2d 464) (2000) ("It is axiomatic that the same issue cannot be relitigated ad infinitum.") (citation, punctuation, and emphasis omitted).

jurisdictional, and this Court cannot accept an application for appeal not made in compliance therewith. *Boyle v. State*, 190 Ga. App. 734, 734 (380 SE2d 57) (1989). Although Walters filed a motion for reconsideration in the trial court, which has not been ruled upon, the filing of a motion for reconsideration does not extend the time for filing a discretionary application for appeal. See *Bell v. Cohran*, 244 Ga. App. 510, 510 (536 SE2d 187) (2000). Consequently, Walters's application — filed 76 days after entry of the order he seeks to appeal — is untimely. Accordingly, we lack jurisdiction to consider this application for discretionary appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 05/02/2025

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, **Clerk.**