# Court of Appeals
# of the State of Georgia

ATLANTA, May 05, 2025

*The Court of Appeals hereby passes the following order:*

## A25D0341. ANDRON MIGUEL FRANCIS v. ALLSTATE INSURANCE CO.

Andron Miguel Francis filed suit against Allstate Insurance Co. On April 22, 2024, the trial court granted Allstate's motion for summary judgment, and Francis filed a motion for reconsideration, which was denied in August 2024. Francis thereafter filed an application for discretionary review, but this Court dismissed the application because it was not filed within 30 days of the trial court's order granting summary judgment. See Case No. A25D0089 (Oct. 24, 2024). Francis has now filed another application, again seeking review of the April 22, 2024 order. We lack jurisdiction for multiple reasons.

First, as set forth in our order dismissing Case No. A25D0089, an application for discretionary appeal must be filed within 30 days of entry of the order sought to be appealed. OCGA § 5-6-35 (d). The requirements of OCGA § 5-6-35 are jurisdictional, and this Court cannot accept an application for appeal not made in compliance therewith. *Boyle v. State*, 190 Ga. App. 734, 734 (380 SE2d 57) (1989). Francis asserts that this application was filed within 30 days of the trial court's August 2024 order denying reconsideration and this Court's October 2024 dismissal of prior application. This is incorrect. Even if the August 2024 order or the October 2024 dismissal could be appealed by discretionary application, this application was filed on April 8, 2025, many months later. Nor is this application timely to the trial court's April 22, 2024 order granting summary judgment, as it was filed more than eleven months after entry of that order. As such, this application is not timely to any order entered in this case.

Moreover, even if this application was timely, Francis is not entitled to a second

appeal of the same order. See *Massey v. Massey*, 294 Ga. 163, 165 (2) (751 SE2d 330) (2013) ("Where a party puts the machinery of immediate appellate review into motion, yet commits a procedural default fatal to his appeal, that party is foreclosed from thereafter resubmitting the matter for review on appeal. This rule is sometimes framed in terms of res judicata or law of the case, but the appellate issue is more fundamental; a party is not entitled to a second appeal from a single order.") (citations and punctuation omitted); *Aetna Cas. & Sur. Co. v. Bullington*, 227 Ga. 485, 485 (2) (181 SE2d 495) (1971) ("The effect of the dismissal of the first appeal from an appealable judgment was to affirm the judgment of the trial court there excepted to . . . which was res judicata between the parties."); see also *Jackson v. State*, 273 Ga. 320, 320 (540 SE2d 612) (2001) (a party "is not entitled to another bite at the apple by way of a second appeal").[1]

For these reasons, we lack jurisdiction to consider this application for discretionary appeal, which is hereby DISMISSED.



Court of Appeals of the State of Georgia
    Clerk's Office, Atlanta,___05/05/2025_____
        I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.
        Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____ , Clerk.

---

[1] We caution Francis that further attempts to appeal from the same order could result in sanctions. See Court of Appeals Rule 7 (e) (2).