# Court of Appeals
# of the State of Georgia

ATLANTA,  May 29, 2025

*The Court of Appeals hereby passes the following order:*

## A25A1609. ROSLYN HAJEK v. THOMAS HAJEK.

Plaintiff Roslyn Hajek and defendant Thomas Hajek were divorced in 2022. In 2023, Roslyn filed a complaint for modification of child custody and child support, and a motion for contempt. In October 2023, the trial court entered an order modifying the parties' support and custody arrangements. Roslyn filed a direct appeal from the trial court's order, which we dismissed on June 27, 2024 due to her failure to comply with this Court's briefing deadlines. See Case No. A24A1316. Upon receiving remittitur, the trial court entered an order in November 2024 making remittitur the order of the court, dismissing three post-judgment motions, and directing the clerk of court not to allow any additional post-judgment filings. Roslyn then filed this appeal. In her brief, Roslyn challenges the trial court's custody ruling. We lack jurisdiction.

It is axiomatic that an appeal will not lie from a trial court order that, in effect, does no more than simply enter an order of an appellate court as an order of the trial court following a prior appeal. In this situation, there is no new trial court ruling to appeal, and Roslyn is not entitled to relitigate the issues raised in A24A1316. See *Massey v. Massey*, 294 Ga. 163, 165 (2) (751 SE2d 330) (2013) ("Where a party puts the machinery of immediate appellate review into motion, yet commits a procedural default fatal to his appeal, that party is foreclosed from thereafter resubmitting the matter for review on appeal. This rule is sometimes framed in terms of res judicata or law of the case, but the appellate issue is more fundamental; a party is not entitled to a second appeal from a single order.") (citations and punctuation omitted); *Aetna Cas.*

*& Sur. Co. v. Bullington*, 227 Ga. 485, 485 (2) (181 SE2d 495) (1971) ("The effect of the dismissal of the first appeal from an appealable judgment was to affirm the judgment of the trial court there excepted to . . . which was res judicata between the parties."); see also generally *Jackson v. State*, 273 Ga. 320, 320 (540 SE2d 612) (2001) (a party "is not entitled to another bite at the apple by way of a second appeal"); *Echols v. State*, 243 Ga. App. 775, 776 (534 SE2d 464) (2000) ("It is axiomatic that the same issue cannot be relitigated ad infinitum.") (citation and punctuation omitted). For these reasons, we lack jurisdiction to consider this appeal, which is hereby DISMISSED.



Court of Appeals of the State of Georgia
    Clerk's Office,
Atlanta,___05/29/2025_____

      I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

      Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____, Clerk.