# Court of Appeals
# of the State of Georgia

ATLANTA,  August 05, 2025

*The Court of Appeals hereby passes the following order:*

## A26D0001. TOKES ADELEYE v. ALDERO ADELEYE.

Tokes Adeleye ("Tokes") filed a direct appeal from the superior court's January 31, 2025 final divorce decree; this Court dismissed that appeal because Tokes failed to file an application for discretionary appeal as required under OCGA § 5-6-35 (a) (2). See *Adeleye v. Adeleye*, Case No. A25A1435 (Apr. 10, 2025). Meanwhile, during the pendency of that appeal, Tokes filed in the superior court a motion to vacate and set aside the judgment. Upon receiving the remittitur, on June 18, 2025, the trial court entered an order, making our dismissal of Tokes's appeal the order of the trial court, denying Tokes's motion to vacate, and stating that its judgment of January 31, 2025 would remain undisturbed. Tokes then filed this discretionary application. Although Tokes claims to seek review of both the January 31 divorce decree and the June 18 order following remittitur, the arguments in his application pertain solely to the divorce decree. For the reasons that follow, we lack jurisdiction to consider those arguments.

It is axiomatic that an appeal will not lie from a trial court order that, in effect, does no more than simply enter an order of an appellate court as an order of the trial court following a prior appeal. In this situation, there is no new substantive trial court ruling to appeal, and Tokes is not entitled to relitigate the issues raised in Case No. A25A1435. See *Massey v. Massey*, 294 Ga. 163, 165 (2) (751 SE2d 330) (2013) ("Where a party puts the machinery of immediate appellate review into motion, yet commits a procedural default fatal to his appeal, that party is foreclosed from thereafter resubmitting the matter for review on appeal. This rule is sometimes framed in terms

of res judicata or law of the case, but the appellate issue is more fundamental; a party is not entitled to a second appeal from a single order.") (citations and punctuation omitted); *Aetna Cas. & Sur. Co. v. Bullington*, 227 Ga. 485, 485 (2) (181 SE2d 495) (1971) ("The effect of the dismissal of the first appeal from an appealable judgment was to affirm the judgment of the trial court there excepted to . . . which was res judicata between the parties"); see also *Jackson v. State*, 273 Ga. 320, 320 (540 SE2d 612) (2001) (a party "is not entitled to another bite at the apple by way of a second appeal.").[1]

For these reasons, we lack jurisdiction to consider this application, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta, ___08/05/2025_____*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*

---

[1] Although, theoretically, Tokes might have had a right to seek discretionary review of the denial of his motion to vacate under OCGA 5-6-35 (a) (8), he has not established that we have jurisdiction to consider that ruling because he has not included the motion with his application materials, nor has he raised any arguments regarding the trial court's ruling on that motion.