# Court of Appeals
# of the State of Georgia

ATLANTA, March 09, 2026

*The Court of Appeals hereby passes the following order:*

## A26D0361, A26D0363, A26D0369. DANNY DUNN v. BRIAN MACON HOUSE et al. (three cases).

Since 2021, Danny Dunn has filed over 25 actions in this Court related either directly or indirectly to his divorce and custody proceedings.[1] His extreme litigiousness below resulted in the recusal of the superior court judges in the Lookout Mountain Judicial Circuit.

Dunn has filed multiple civil actions naming Chief Judge Brian House as a defendant: a request for mandamus relief and a writ of prohibition (25CV00011); a second petition for writ of prohibition (25CV00003); and a third petition for writ of prohibition (25CV00023). Judge House appointed Senior Judge William McClain ("the trial court") to assist in those cases.

On March 7, 2025, the trial court dismissed all three actions in a single order. Dunn filed discretionary applications in two of the cases, and his applications were denied. Case Nos. A25D0311; A25D0312 (Mar. 26, 2025). Dunn nevertheless filed three direct appeals, seeking to challenge the same March 7 order. We dismissed Case No. A25A1639 based on Dunn's failure to file a discretionary application. We

---

[1] See A21D0284 (Apr. 21, 2021); A21D0285 (Apr. 21, 2021); A21D0331 (May 26, 2021); A22D0015 (Aug. 27, 2021); A23A0580 (Jun. 13, 2023); A24D0325 (May 10, 2024); A25D0186 (Jan 23, 2025); A25A1061 (Feb. 11, 2025); A25D0255 (Mar. 3, 2025); A25D0311 (Mar. 18, 2025); A25D0312 (Mar. 26, 2025); A25D0390 (May 29, 2025); A25A1638 (May 19, 2025); A25A1639 (May 19, 2025); A25A1640 (May 19, 2025); A25D0464 (Jul. 16, 2025); A25D0467 (Jul. 16, 2025); A26A0397 (Nov. 7, 2025); A26A0398 (Nov. 7, 2025); A25A1759 (Jun. 24, 2025); A26D0023 (Aug. 29, 2025); A26D0032 (Aug. 27, 2025); A26D0152 (Nov. 6, 2025); A26A0772 (pending).

dismissed Case Nos. A25A1638 and A25A1640 on res judicata grounds, and we fined Dunn $250 in each case for a total of $500 for filing frivolous appeals. We directed the trial court to enter the fines as a money judgment in favor of the defendants.

After receiving our order, but prior to receiving remittitur, the trial court entered orders making our rulings the judgment of the court. Dunn filed discretionary applications from these rulings, which we granted. Case Nos. A25D0464; A25D0467 (Jul. 16, 2025). After the direct appeals were docketed, we remanded the cases to the trial court with direction to wait until "receipt of the remittiturs from these appeals" before re-entering the money judgments for frivolous appeal penalties. Case Nos. A26A0397; A26A0398 (Nov. 7, 2025). On February 13, 2026, the trial court re-entered the money judgment based upon the remittiturs issued in Case Nos. A25A1638 and A25A1640.[2] Dunn then filed these three applications for discretionary appeal.

In Case Nos. A26D0361 and A26D0363, Dunn argues, among other things, that the trial court erred in re-entering the money judgments before remittitur issued in Case Nos. A26A0397 and A26A0398. We agree. Accordingly, we hereby VACATE the February 13, 2026 order and DIRECT the trial court to re-enter the money judgments upon receipt of the remittiturs in Case Nos. A26A0397 and A26A0398. Dunn's applications in A26D0361 and A26D0363 are otherwise DENIED.

In Case No. A26D0369, Dunn purports to appeal the trial court's order to the extent it pertains to lower court case number 25CV00003. But the February 13 order did not enter a money judgment in that lower court case. Rather, 25CV00003 was dismissed by the trial court's March 7, 2025 order, and we dismissed Dunn's direct appeal from this ruling. A25A1639 (May 19, 2025).

As we have already advised Dunn, "[t]he effect of the dismissal of the first appeal from an appealable judgment was to affirm the judgment of the trial court there

---

[2] We have not issued remittiturs in Case Nos. A26A0397 and A26A0398. Dunn has filed petitions for certiorari in the Georgia Supreme Court with respect to those cases, and this Court does not issue remittitur when a petition for certiorari has been filed. See Court of Appeals Rule 39(a).

excepted to and the trial court was without authority to vacate or alter such prior judgment which was res judicata between the parties." *Aetna Cas. & Sur. Co. v. Bullington*, 227 Ga. 485, 485(2) (181 SE2d 495) (1971). Case No. 25CV00003 is thus final, and Dunn is not entitled to another appeal in that case. Accordingly, Case No. A26D0369 is hereby DISMISSED.

Furthermore, Dunn's application for discretionary appeal in Case No. A26D0369 is frivolous. Given Dunn's history of filing meritless actions, we hereby assess frivolous appeal penalties in the amount of $500 against Dunn in Case No. A26D0369.[3] The trial court is DIRECTED to enter a money judgment in this amount in favor of the defendant in that action. Because no remittitur issues from an order disposing of an application for discretionary appeal, this judgment may be entered instanter.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* __03/09/2026__

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*

---

[3] Under Court of Appeals Rule 7(e)(2), we are authorized to impose a penalty of up to $10,000 against any party who files a direct appeal, application, or motion that is determined to be frivolous.